## STROUSE & BROTHERS *v.* KELLY.

A motion to nonsuit presents for decision the sole question whether or not the evidence for the plaintiff, upon the assumption that it is true, makes out the case set forth in his petition.

Argued May 4, — Decided May 23, 1901.

Complaint. Before Judge Hart. Jasper superior court. September 24, 1900.

*Greene F. Johnson,* for plaintiffs.
*Fleming Jordan & Son,* for defendant.

LUMPKIN, P. J. This case falls squarely within the familiar and well-established principle that a motion to nonsuit presents for decision the sole question whether or not the evidence introduced in behalf of the plaintiff, upon the assumption that it is true, makes out the case set forth in his petition. See the recent case of *Reeves v. Jackson*, 113 *Ga.* 182, in which this rule was stated and applied. Strouse & Bros. brought an action against J. H. Kelly upon a promissory note, alleging that, notwithstanding the same appeared on its face to be barred by the statute of limitations, the defendant had, within less than six years of the bringing of the action, "made a written acknowledgment of his existing liability to pay the aforesaid note according to its true tenor and effect." In support of this averment the plaintiffs attached as exhibits to their petition copies of certain letters purporting to have been written by them to the defendant, and also copies of what purported to be his replies thereto. It was in their petition also alleged that in two of the letters written by the defendant, which were specified by mentioning their dates, "the said J. H. Kelly made such a written acknowledgment of his existing liability to pay your petitioners the aforesaid note as is equivalent in law to a new promise to pay, and became by these aforesaid acknowledgments liable and bound to pay your petitioners the amount of said note, together with interest" thereon. There was no demurrer to the petition, and the case went to trial upon the same and the defendant's answer thereto. The plaintiffs introduced in evidence the original note, and also the originals of all the letters copies of which were attached as exhibits to their petition, and in other respects proved beyond question every material allegation upon which they relied. At the close of their evidence, the court "granted a nonsuit on the ground that the case made out was insufficient in law to authorize a recovery." It will be observed that the motion to nonsuit was sustained, not on the idea that the plaintiffs had failed to make out their case as laid, but because his honor of the trial court was of the opinion that they were not, upon the facts alleged, entitled to prevail. The reasoning in the case above mentioned and the authorities therein cited in support of the same amply sustain our conclusion that, in the present case, it was error to grant a nonsuit.

*Judgment reversed. All the Justices concurring.*