McMILLAN *v.* MOBLEY, superintendent of banks, *et al.*

512

No. 7027. December 11, 1929.

*George & John L. Westmoreland,* for plaintiff.

*C. N. Davie, O. A. Park* and *J. F. Kemp,* for defendants.

BECK, P. J. C. L. McMillan brought suit against Georgia State Bank, A. B. Mobley, superintendent of banks, and J. H. Childs, as trustee of Georgia State Bank branch at Cordele, Georgia. The petition disclosed that McMillan, on July 12, 1926, obtained from the Cordele Bank a cashier's check drawn on the Citizens and Southern Bank of Atlanta, Georgia, for the sum of $3,559.66; that he forwarded the check in due course to the Citizens and Southern Bank of Atlanta, and on July 14 that bank returned the check unpaid, informing petitioner that payment was refused on account of the closing of the Georgia State Bank; that thereafter McMillan filed a claim with the superintendent of banks, "requesting that the check be paid to the plaintiff as a preferred claim against the assets of the Georgia State Bank;" and that the claim was disallowed as a preferred claim. J. H. Childs was made a party defendant, and it was alleged that he was acting as trustee of the Georgia State Bank and had tendered to McMillan a check for $355.97 as a dividend to him as a depositor, and that this check was refused by McMillan. Answers were filed by the superintendent of banks and by Childs, both denying that McMillan had a claim which was entitled to be paid in full before the other creditors of the bank, for the reason that the check in question was, as they contended, delivered to McMillan on the afternoon of July 12; that the bank was one of the branches of what is known as the Manley chain of banks, and McMillan was acquainted with this fact; that a number of this chain of banks had failed on July 10, and this fact was commonly known throughout the State on July 11 and 12, and McMillan had actual knowledge of this fact at the time he asked for the check; that the check was delivered to McMillan on the afternoon of July 12, and that in the conversation which took place when this check was delivered the closing of this chain of banks was discussed between the bank and McMillan. On the trial McMillan testified, and introduced checks and other documentary evidence;

and upon the conclusion of the testimony the court granted a non-suit. The plaintiff thereupon excepted.

In view of the plaintiff's testimony and documentary evidence introduced, it appears that the jury, if they believed the testimony of the witness, could have found that the material allegations of the petition had been established; and that being true, the court should not have granted a nonsuit. "A motion to nonsuit presents for decision the sole question whether or not the evidence for the plaintiff, upon the assumption that it is true [and the jury are the judges of the question as to whether it is true or not], makes out the case set forth in the petition." *Strouse* v. *Kelly*, 113 *Ga.* 575 (38 S. E. 957). This quotation is of the headnote in the case cited, and it is a repetition of the second headnote in the case of *Reeves* v. *Jackson*, 113 *Ga.* 182 (38 S. E. 314). In the latter case it appeared that when the plaintiffs closed, the defendant moved for a nonsuit, and the court thereupon passed an order in these words: "Plaintiffs failing to make out a case, it is ordered that this case be and the same is hereby dismissed." Passing upon the plaintiffs' exception to this order this court said: "Treating the order, though in form one of dismissal, as a judgment of nonsuit, our question is: did the court err in passing the same? We feel constrained to hold that it did. A careful reading of the evidence set forth in the bill of exceptions shows that the plaintiffs introduced testimony supporting every material allegation in their petition. Upon the assumption that their witnesses were entitled to credit, they proved their case as laid. This being so, they ought not to have been nonsuited. It is inferable from the use of the phrase, 'failing to make out a case,' that his honor may have entertained the opinion that the plaintiffs were not entitled to a recovery upon the facts alleged, even if they did succeed in proving them; or, in other words, that their petition did not set forth a cause of action. Whether or not this is so is a question which was not, so far as the record discloses, properly made in the court below, and certainly is not presented by the bill of exceptions. It could have been raised by a general demurrer to the petition. It was not raised by the motion to nonsuit. The office of such a motion is not to test the legal sufficiency of a petition, but the sufficiency of evidence introduced to sustain the allegations thereof. *Anderson* v. *Pollard*, 62 *Ga.* 46; Bank *v.* Smith, 24 U. S. 171, 173 (6 L. ed. 443); Heard's

Stephen on Pleading, § 90. The only question properly presented by such a motion is: has the plaintiff submitted evidence which, if true, makes out the case stated in the petition? If so, the case should be allowed to go before the jury, the credibility of the witnesses being a matter exclusively for their determination. If the testimony does not come up to the requirement just indicated, there should be a nonsuit, if the defendant asks for it."

In view of the decisions in the two cases referred to above, and the holding in the present case that there was evidence to support the material allegations of the petition, the court below erred in granting a nonsuit. But, in connection with the ruling made, attention should be called to the further ruling in the case of *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280) : "A judgment of this court reversing a judgment of nonsuit does not adjudicate that the plaintiff is in law entitled to recover upon the facts alleged in the petition. . . If the evidence supports the issue made by the pleadings, it is proper to overrule a demurrer to the evidence, or a motion for a nonsuit in the nature of such a demurrer, but it is not thereby adjudicated that the pleadings are in law sufficient to authorize a recovery. . . 'Proving a case as laid' will prevent a nonsuit, and may possibly prevent a motion for a new trial from being granted on the ground that the verdict is contrary to the evidence, but it will not authorize a recovery unless the case as laid so authorizes. . . Mere proof of a fact will not in law authorize a recovery unless the existence of such fact so authorizes. . . One of the prerequisites to a recovery by a plaintiff is that his pleadings and evidence be in substantial accord, but it is not the only prerequisite."

*Judgment reversed. All the Justices concur.*