DAVIS *v.* W. P. BROWN & SONS LUMBER COMPANY *et al.*

No. 15005. NOVEMBER 21, 1944.

*James Maddox* and *J. L. Wallace,* for plaintiff.

*Matthews, Owens & Maddox,* for defendants.

GRICE, Justice. The sole assignment of error challenges the

correctness of the judgment granting a nonsuit. The suit as amended was one seeking to enjoin the defendants from further entering upon and cutting timber on lot of land No. 209 in Floyd County. By amendment, reformation was sought of a deed from the plaintiff conveying the timber on lot No. 209 to the defendant lumber company. It was alleged that on the day when the plaintiff purchased this land, he, believing that a certain wire fence was on the south line thereof, and desiring to sell the timber, went on the land with the lumber company's agents, showed them the timber lying north of the fence, and agreed with them upon a price therefor; that all parties concerned contemplated the fence as the line, it being at the time so understood and agreed upon by and between them; that in good faith believing said fence to be in fact the south line of said lot, he executed to the defendant lumber company a deed covering the entire lot; that, subsequently thereto, he ascertained that he was mistaken as to the location of the south line of said lot, and that the correct south line was approximately 1100 feet south of said fence; that the defendants, after having cut and sawed all the timber on said lot north of said fence, removed the mill and ceased operating thereon; but that they are now cutting the timber, consisting of a considerable amount, which is located on this lot south of said fence. The defendants in their answer admitted that the plaintiff had title to lot 209, and also admitted that they had placed a sawmill on the lot and were proceeding to cut the timber remaining thereon.

The plaintiff introduced testimony supporting the allegations of his petition as to the mistake in supposing that the fence was the south line of the lot, and that, at the time the sale of the timber to the defendant lumber company was being negotiated, he pointed out the fence to its agents as being the line, and sold the timber to the lumber company on that basis; that the only timber he showed them and all that was agreed upon was that located north of the fence. It was further shown by the plaintiff's evidence that months before the petition was filed, the defendant lumber company cut and removed the timber north of the fence. Therefore the defendants' admission in their answer that they had placed a sawmill on said lot and were proceeding to cut the timber thereon, had cut some, and were threatening to cut the balance, could mean nothing else than that they (the defendants) were cutting and threatening to cut the timber on that part of the lot lying south

of the fence. Thus it appeared that the only material point at issue under the pleadings was, whether or not there had been a mutual mistake in describing the extent of the timber sold. As to this, the testimony in behalf of the plaintiff supported the allegations of his petition. The case therefore falls within the rule that it is not proper to award a nonsuit if the plaintiff submits evidence which prima facie proves every material fact charged, without at the same time disproving his right to recover by establishing the existence of other undisputed facts which show that he is not entitled to a verdict. *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d, 17). *Judgment reversed. All the Justices concur.*