### TAYLOR *v.* GATES *et al.*

CANDLER, Justice. H. B. Taylor sued H. L. Gates in the Civil Court of Fulton County for a property loss resulting from an automobile collision, which occurred on August 6, 1948. He obtained a judgment in that proceeding for $300 and costs of suit. Subsequently he filed an equitable suit in Fulton Superior Court against H. L. Gates and Mrs. Gussie Gates. In so far as it is material here, his petition in the latter suit alleges that H. L. Gates, on July 14, 1948, conveyed to his mother, Mrs. Gussie Gates, his undivided half interest in certain real estate located in Fulton County for the purpose of avoiding payment of his obligation to the plaintiff. He prayed that the deed be declared void and canceled. There was no demurrer to the petition. By their answer the defendants admitted all of the allegations of the petition, except those respecting the purpose for which the deed in question was made. On the trial, the plaintiff introduced the original papers in his suit for damages against H. L. Gates, and orally testified that no part of his judgment had been paid. He also introduced, without objection, the original papers in a suit which W. G. Chestnut had filed in the Civil Court of Fulton County on August 31, 1948, against H. L. Gates. On motion therefor, the trial judge granted a nonsuit, and the exception here is to that judgment. *Held:*

1. Where the plaintiff fails to make out a prima facie case, or where his evidence establishes the existence of other undisputed facts which show that he is not entitled to a verdict, it is proper for the court to grant

a nonsuit. Code, § 110-310; *Peterson* v. *Willbanks,* 157 *Ga.* 382 (121 S. E. 326); *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d, 17); *Davis* v. *W. P. Brown & Sons Lumber Co.,* 198 *Ga.* 486 (32 S. E. 2d, 253).

2. A deed is void as to creditors when made for the purpose of hindering, delaying, or defrauding them in the collection of their debts, and when the grantee in taking the same has knowledge of such fraudulent intent or reasonable ground to suspect it. Code, § 28-201 (2); *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763 (129 S. E. 65); *Cunningham* v. *Avakian,* 192 *Ga.* 391 (15 S. E. 2d, 493).

3. In the instant case, the proof offered in support of the petition indisputably showing that the plaintiff's demand as a judgment creditor against H. L. Gates is based upon a cause of action which arose subsequently to the making of the deed sought to be canceled, the court, for the reasons stated above, properly granted a nonsuit on motion therefor.

*Judgment affirmed. All the Justices concur.*

No. 17059. MAY 10, 1950.

*Frank A. Bowers,* for plaintiff.
*C. Donald Lowrie,* for defendants.