## BOGDIS et al. v. JOHNSON.

HAWKINS, Justice. This is the second appearance of this case in this court, and reference is made to the former decision in *Johnson* v. *Bogdis*, 205 *Ga.* 535 (54 S. E. 2d, 620), for a full statement of the allegations of the equitable petition seeking to set aside a judgment of the court of ordinary awarding a year's support and to enjoin the widow from disposing of the property so set apart. In the first division of that opinion it was said: " . . the allegations of the petition charge, among other things, that the defendant, who was executrix of the will of her deceased husband, promised the brother of the plaintiffs that she would not apply for a year's support, and requested that the brother notify the plaintiffs, who lived in Greece and were beneficiaries under the will,

of her promise; that, acting upon the promises of the defendant, the plaintiffs did not employ counsel to represent their interests in the estate; that, notwithstanding such promise, the defendant did apply for and have set aside to her a year's support without the plaintiffs' having any actual knowledge thereof until after the year's support was set aside." This court there held that these allegations were sufficient, as against general demurrer, to allege actual fraud. In the third division of that opinion it was said: "The only fraud alleged against the defendant which would authorize the setting aside of the judgment awarding a year's support is discussed in division one of this opinion"; and that "The pleadings and the evidence were insufficient to establish other alleged acts of fraud in procuring the year's support, such as the alleged excessiveness of the year's support awarded the widow." This court then pointed out that there was no testimony in that case tending to show that the defendant made any misrepresentations as to her intention with respect to applying for a year's support, nor was there anything to indicate that she ever requested Gus Bogdis to inform his brother and sisters that she had promised not to apply for a year's support; and reversed the trial court for granting an injunction against the sale of the property set apart to the widow. When the case came on for trial in the superior court following the decision of this court, and at the conclusion of the evidence introduced by the plaintiffs, the trial court granted a nonsuit, and it is to this judgment that the plaintiffs are now excepting. *Held*:

A careful reading of the brief of evidence in this case discloses that the evidence now before the court is substantially the same as that introduced on the hearing of the interlocutory injunction, and we now hold, as we did then, that the evidence adduced upon the trial failed to prove the case as alleged, in that there is no evidence that the defendant made any representations or promises to the brother of the plaintiffs that she would not apply for a year's support, or that she made any request that the brother notify the plaintiffs, who lived in Greece and were beneficiaries under the will, of any such promise. The plaintiffs having failed to make out a prima facie case, it was proper for the trial court to grant a nonsuit. *Johnson* v. *Bogdis,* supra; *Taylor* v. *Gates,* 206 *Ga.* 880 (59 S. E. 2d, 365).

*Judgment affirmed. All the Justices concur.*

No. 17321. FEBRUARY 14, 1951. REHEARING DENIED MARCH 14, 1951.

*I. T. Cohen* and *James M. Roberts,* for plaintiffs.
*J. Walter LeCraw* and *C. E. Presley,* for defendant.