## 34903. FOGARTY *v.* HARTLEY *et al.*

TOWNSEND, J. 1. (*a*) A nonsuit should not be granted in any case where the plaintiff proves every fact charged, without at the same time disproving his right to recover by establishing the existence of other undisputed facts which show that he is not entitled to a verdict. *Clark* v. *Bandy*, 196 *Ga.* 546 (27 S. E. 2d 17).

(*b*) This is true regardless of whether or not a petition sets out a cause of action, and regardless of whether or not a verdict for the plaintiff would in law be allowed to stand. A petition may be wholly insufficient to sustain a recovery, yet the plaintiff will not be subject to nonsuit if he proves his case as laid. The existence of "other undisputed facts which

438

show that he is not entitled to a verdict" refers to evidence, barring the plaintiff's right to recover, other than that pleaded as the cause of action. *Kelly* v. *Strouse,* 116 *Ga.* 872 (4b) (43 S. E. 280); *Rountree* v. *Seaboard Air-Line Ry. Co.,* 31 *Ga. App.* 231, 236 (120 S. E. 654); *Beasley* v. *Burt,* 201 *Ga.* 144 (4) (39 S. E. 2d 51); *Strouse* v. *Kelly,* 113 *Ga.* 575 (38 S. E. 957); *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (1) (46 S. E. 674).

(c) Since the plaintiff here proved his case as laid without at the same time disproving his right to recover by establishing the existence of other undisputed facts which show that he is not entitled to a verdict, it was error to grant a nonsuit as to the sole resident defendant.

(d) Since the jurisdiction of the court over the persons of the nonresident codefendants depended upon the case staying in court as to the resident defendant, the validity of the order dismissing the nonresidents depended entirely upon the correctness of the judgment granting the nonsuit. Since that judgment was error, it necessarily follows that it was improper to dismiss the case against the nonresident defendants on the ground that the court was without jurisdiction of their persons.

2. Many questions have been raised in the briefs of counsel, including whether or not the petition is fatally defective as to the sole resident defendant, the effect of the failure of such defendant to file any pleadings, and the effect, as to such defendant, of demurrers filed by the nonresident codefendants and rulings thereon. All these present interesting questions, but they are not before this court, the sole assignment of error here being the grant of a nonsuit. This being so, a discussion of other points involved in this cause would be improper. As stated in *Clark* v. *Bandy,* supra: "It is as much the duty of this court to refrain from passing upon issues not embraced within the errors assigned as it is to decide those that are. That which lies beyond the exceptions is forbidden ground."

The trial court erred in sustaining the motion for nonsuit.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

Decided November 17, 1953—Rehearing denied December 18, 1953.

*Wm. G. McRae, Alfred D. Fears, Wm. B. Freeman,* for plaintiff in error.

*Harris, Russell, Weaver & Watkins, John D. Comer,* contra.

Bob Fogarty filed suit for personal injuries, in the Superior Court of Butts County, against T. J. Hartley, a resident of that county, and James Dykes, Mrs. Catherine Dykes, and Acme Construction Company of Bleckley County, Georgia. By amendment the corporation was stricken as a party defendant. It was alleged that the acts of negligence of Mrs. James Dykes, driving a Cadillac automobile, owned by Mr. Dykes and used as a family-purpose car, combined with other acts of negligence of the defendant T. J. Hartley as the concurrent proximate cause of the

plaintiff's injuries. Mr. and Mrs. Dykes filed demurrers and an answer, and certain of the demurrers were overruled. The defendant Hartley filed no pleadings, and the case came on for trial in default as to him. At the conclusion of the plaintiff's evidence, the attorney for the defendants moved for a nonsuit against the resident defendant, Hartley, upon the grounds that all the evidence introduced by the plaintiff failed to connect the cause of the injury complained of with any conduct on the part of that defendant; that the evidence affirmatively shows that, if the plaintiff's injuries were the result of any negligent conduct, it was that of the defendant Mrs. Dykes, which negligence was not concurred in by any negligence of the defendant Hartley, and, finally, that the evidence shows the plaintiff's injuries to have been the result of Pike, the driver of the truck in which he was riding, unmixed with contributory negligence of any of the defendants. The court granted a nonsuit as to Hartley, and thereafter dismissed the case as to the nonresident defendants, Mr. and Mrs. Dykes, for want of jurisdiction. Error is assigned by bill of exceptions on these judgments.

## On Rehearing.

On rehearing, counsel for the movant cite *Summerour* v. *Medlin,* 48 *Ga. App.* 403 (172 S. E. 836), in support of the contention that a nonsuit should have been granted, it being argued that the fact that the defendant was in default removes these cases from the rule stated in this opinion. Examination of the *Summerour* case shows that the majority opinion there was predicated on the fact that the plaintiff did not prove his case as laid, in that he failed to prove a conspiracy between the only defendant upon whom service was had and another person whose primary obligation it was to pay the plaintiff a certain liquidated sum on a contract. The dissenting opinion there is to the effect that a nonsuit should not be granted where a defendant is in default, as such default admits all the allegations of the petition which are properly pleaded. Thus, both the majority and minority opinions of the *Summerour* case support the decision reached here; however, this decision goes only to the extent of holding that the plaintiff proved his case as laid, without considering whether or not the defendant's default would have relieved him from making such proof.