# TERRITORY OF HAWAII *v.* DAVID W. BRANCO.

## No. 3069.

Argued January 17, 1958.                    Decided February 17, 1958.

Rice, C. J., Stainback and Marumoto, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by the Territory of Hawaii, plaintiff below, from a judgment of nonsuit entered by the circuit court of the third circuit on motion by David Branco, defendant, after the Territory presented its evidence and rested.

The initial phase of the trial proceeded on the Territory's first amended complaint and the defendant's answer thereto.

The Territory set forth two causes of action and prayed for judgment against the defendant for $1,355, plus interest, under one cause of action, and for $1,375, plus interest, under the other cause of action.

As its first cause of action, the Territory alleged that it entered into General Lease No. 3240, an unexecuted copy of which was attached to the complaint as Exhibit "A", in

which it leased the land described therein to the defendant for twenty-one years from January 15, 1948, at an annual rent of $1,355, payable semiannually in advance on January 15 and July 15, and, in the alternative, that it entered into an oral lease of the same land with the defendant for the same period and at the same rent, and that the defendant failed to pay the rent for one year from July 15, 1948, to July 14, 1949.

As its second cause of action, the Territory alleged that it entered into General Lease No. 3241, an unexecuted copy of which was attached to the complaint as Exhibit "B", in which it leased the land described therein to the defendant for twenty-one years from January 15, 1948, at an annual rent of $1,375, payable semiannually in advance on January 15 and July 15, and, in the alternative, that it entered into an oral lease of the same land with the defendant for the same period and at the same rent, and that the defendant failed to pay the rent for one year from July 15, 1948, to July 14, 1949.

In his answer, the defendant denied the Territory's allegations and, in addition thereto, alleged that sometime before January 15, 1948, the duly authorized agent of the commissioner of public lands represented to him that certain government lands would be offered for lease at public auction by the commissioner, that he bid at the auction for the leases of the lands described to him by the agent, that he later discovered that the lands offered for lease at the auction differed from the lands described to him by the agent, and that the agent later stated to him that he made an error in describing to him the lands that were offered for lease at the auction.

The Territory presented evidence which showed that the commissioner of public lands published a notice of auction sale of two twenty-one year leases of government lands in Kau, Hawaii, to be held on January 15, 1948, one cover-

ing 2,278 acres, more or less, at Moaula-Kopu-Makaka Makai, and the other covering 1,886 acres, more or less, at Kaalaala Makai; that the auction was held, according to the notice, by an agent of the commissioner; that the defendant bid an annual rent of $1,355 for the lease of the Moaula-Kopu-Makaka Makai land and an annual rent of $1,375 for the lease of the Kaalaala Makai land; that the defendant's bids were the highest bids for the leases; that upon completion of the auction, the defendant paid to the agent six months' rent and pro rata share of advertising costs and other expenses incident to the auction; that on September 27, 1948, the commissioner sent to the agent Lease No. 3240, covering the Moaula-Kopu-Makaka Makai land, and Lease No. 3241, covering the Kaalaala Makai land, for execution by the defendant; that the defendant obtained the leases from the agent on November 27, 1948; that the defendant returned the leases to the agent on December 4, 1948, without affixing his signature on the ground that he could not obtain any water on the lands covered by the leases; that on April 14, 1949, the defendant wrote to the commissioner requesting that he be relieved from the obligation of signing the leases on the grounds that he bid for the leases on the basis of "unofficial information" regarding the boundaries of the lands to be included in the leases and the possibility of obtaining water on the lands, that tentative sketches of the lands indicated that there were at least thirty acres of good cane land and a well or spring within the boundaries, and that the lands described in the leases submitted for his signature included only six acres of cane land and did not have any source from which water could be obtained; and that the defendant made no payment on account of the leases other than the six months' rent that was paid upon the completion of the auction.

After presenting such evidence, the Territory rested. The defendant, thereupon, moved for a nonsuit on the

ground that the Territory failed to establish a prima facie case. In support of his motion, the defendant adverted to the fact that there was no showing of compliance with section 73 (1) of the Organic Act. That section of the Organic Act provides that no lease of agricultural lands exceeding forty acres in area, or of pastoral lands exceeding two hundred acres in area, shall be made without the approval of two-thirds of the board of public lands.

The Territory then requested the reopening of the case and the continuance of trial for the purpose of obtaining and presenting evidence regarding the approval of the sale of the leases by the board. Over the defendant's objection, the court granted the request.

At the further trial, the Territory proceeded to present its evidence regarding the requisite board action. The defendant objected to the introduction of such evidence on the ground that the complaint did not contain any allegation concerning the action of the board. The Territory met this objection by requesting leave to amend the complaint by adding the following allegation: "That the Board of Public Lands of the Territory of Hawaii did approve on May 15, 1946, and again on June 16, 1947, all in accordance with law, the lease by public auction sale of those certain lands set forth and described in Exhibits 'A' and 'B', attached to plaintiff's original Complaint and made a part of said original Complaint and also made a part of this Second Amended Complaint." The court allowed the amendment under rule 15 (b) of Hawaii Rules of Civil Procedure, which provides: "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his

action or defense upon the merits." Hawaii Rules of Civil Procedure will hereafter be referred to as the rules.

After the allowance of the amendment, the following colloquy took place between the court and the defendant's counsel.

"THE COURT: Do you want any further time in which to answer?

"MR. O'BRIEN: Oh, sure, I want some time to answer.

"THE COURT: How much time do you want? Or are you willing to go ahead and let the plaintiff make his offer of the documents?

"MR. O'BRIEN: All right, let him go ahead. It will save time.

"THE COURT: All right."

Thus, the court, without requiring the defendant to answer, proceeded to take the Territory's evidence before issue was joined.

The Territory attempted to prove the requisite board action by offering photostatic copies of the pertinent minutes of the meetings of the board. To the copies were attached forms of certificates of authenticity prepared for the signature of the commissioner as the custodian of the minutes. The certificates would have complied with rule 44 (a) of the rules if they had been signed by the commissioner. The commissioner's signature was not affixed to the certificates because the counsel for the Territory was unable to obtain her signature before the date of the further trial. The commissioner was absent from her office for a few days. The Territory requested that the copies be admitted in evidence, subject to the obtaining of the commissioner's signature to the certificates immediately upon her return to her office. The court denied the request on the ground that the Territory failed to show that the commissioner was the legal custodian of the minutes and thus

failed to lay a foundation for the admission of the copies in evidence.

The Territory then tried to introduce the original minutes of the board. It proposed to lay a foundation for such introduction by the testimony of the executive officer of the office of the commissioner. It called the executive officer to identify the signatures of the acting secretary and secretary of the board which were affixed to the minutes. The court rejected the testimony of the executive officer on the ground that he was neither a member nor an employee of the board. The Territory made no further attempt to lay a foundation for the admission of the minutes in evidence. Thus, the minutes were not admitted.

After failing to have the minutes of the board admitted in evidence, the Territory again rested. The defendant then renewed his motion for nonsuit. The court granted the motion and entered a judgment of nonsuit. It based its action on the failure of the Territory to prove the approval of the sale of the leases by two-thirds of the board and the failure of the Territory to prove the existence of written or oral leases.

We think that the court erred in entering the judgment of nonsuit.

There is no motion for nonsuit, denominated as such, under the rules. The defendant's motion may be considered as a motion to dismiss under rule 41 (b). That rule provides: "After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief."

A motion to dismiss under rule 41 (b), however, is not equivalent to a motion for nonsuit. Under a motion for nonsuit before the adoption of the rules, a plaintiff would

have been nonsuited if he did not prove the allegations of his complaint. (*Testa* v. *Kahahawai,* 18 Haw. 209; *Mc-Millan* v. *Mobley,* 169 Ga. 511, 150 S. E. 843) Under rule 41 (b) a motion to dismiss is granted only if the plaintiff has shown "no right to relief."

A plaintiff's right to relief under the rules does not necessarily depend upon his allegations or his theory of the case. Rule 15 (b) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment but failure so to amend does not affect the result of the trial of these issues." Rule 54 (c) provides: "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

Thus, in *Nester* v. *Western Union Telegraph Co.,* 25 F. Supp. 478, the plaintiff sued for tort but the court allowed recovery for breach of contract. In so doing, the court stated: "The allegation of damages in a complaint, while essential, is not the cause of action. * * * The new federal rules of civil procedure do not speak of causes of action, but claims and claims for relief. * * * Under the liberal rules of the reformed procedure, a plaintiff is entitled to recover, not on the basis of his allegations of damages or of his theory of damages, but on the basis of the facts as to damages shown in the record. This liberality is carried over into the new rules. In fact, it, is broadened. Differences in the forms of claims being abolished, the plaintiff should be denied relief only when, under the facts proved, he is entitled to none." And, in *Gins* v. *Mauser Plumbing*

*Supply Co.,* 148 F. (2d) 974, the court stated that "particular legal theories of counsel yield to the court's duty to grant relief to which the prevailing party is entitled, whether demanded or not."

In this case, the Territory sued on the theory that it entered into leases with the defendant and that the defendant failed to perform his obligations under the leases. The Territory failed to prove the existence of leases, written or oral. The evidence shows that written leases were contemplated. The notice of sale provided: "The sale of each lease to the highest bidder shall be deemed a bona fide contract enforceable by law and must be completed upon purchase of the lease for signature * * *." The leases were not completed. Neither the Territory nor the defendant had signed the leases.

We then come to the question whether the Territory is entitled to any relief, under the facts proved, whether demanded or not.

If the Territory is entitled to any relief, it will be for a breach of contract to enter into leases.

For such relief, the Territory must prove the existence of a valid contract. The existence of a valid contract depends upon whether the commissioner had proper authority to enter into the contract. On this point, the question as to whether two-thirds of the board approved the sale of the leases is material.

At the trial the Territory failed to prove the requisite action of the board because the court refused to admit photostatic copies of the minutes, or even the original minutes, of the meetings of the board in evidence. The court did not err in denying the admission of the photostatic copies. The copies did not comply with rule 44 (a) because they were not accompanied with proper certificates of the officer having the legal custody of the minutes. Nor did the court err in denying the admission of the original

minutes in evidence. The Territory failed to lay a foundation for the admission of such minutes. The Territory argues that, if the executive officer were allowed to testify, his testimony would have been sufficient to lay a proper foundation under *Ahana* v. *Insurance Company of North America,* 15 Haw. 636, and *Kwong Lee Yuen & Co.* v. *Alliance Assurance Company of London,* 16 Haw. 674. That may be so. But the difficulty with the Territory's argument is that it did not make an offer of proof to show the relevancy of the testimony of the executive officer.

Section 43 (c) of the rules provides: "In an action tried by a jury, if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness. * * * In actions tried without a jury the same procedure may be followed * * *." Under this rule, an offer of proof as to excluded evidence is not essential if the nature of the error is otherwise clear. (*Maguire* v. *Federal Crop Insurance Corp.,* 181 F. [2d] 320) But, if the significance of the excluded evidence is not obvious, it must be brought to the attention of the court and an offer of proof made in order to preserve the question for appeal. (*Hoffman* v. *Palmer,* 129 F. [2d] 976; *Sorrels* v. *Alexander,* 142 F. [2d] 769)

However, the failure of the Territory to have the minutes of the meetings of the board admitted in evidence is not fatal.

We think that the court erred in proceeding to take the Territory's evidence regarding the approval of the sale of the leases by the board before issue was joined on the Territory's additional allegation. That allegation is a material allegation. Under the rules, it requires an answer. Rule 7 (a) provides: "There shall be a complaint and an answer * * *." If there is no answer, rule 8 (d) applies. Rule 8 (d) provides: "Averments in a pleading to which

314

a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

It may be argued that the Territory waived the requirement of an answer by proceeding to present its evidence before the filing of an answer. There appears to be no Federal decision on this point. The only discussion of the question in the treatises on the Federal rules is found in Cyclopedia of Federal Procedure, Third Edition, § 15.67: "Before the Rules of Civil Procedure it was recognized that failure to file an answer or pleading necessary to frame an issue, or failure otherwise to properly join issue, upon any and all of the allegations appearing in the pleadings, was waived by voluntarily proceeding to trial as though issue were properly joined. The Rules of Civil Procedure contain no explicit provision as to the effect of thus proceeding to trial. On the one hand, they provide in effect that averments in a complaint not denied in an answer are admitted; and this provision would seem to have implications negativing waiver of failure to join issue by proceeding to trial as though issue were joined. On the other hand, the rules provide for amendments to conform to evidence and for judgment granting relief to which a party is entitled, although he has not demanded it; and these provisions possibly have implications favorable to such a waiver."

We hold that under the rules an answer may not be waived. Even as to the practice before the adoption of the Federal rules, only the case of *Ted Browne Music Co.* v. *Fowler,* 290 Fed. 751, is cited in support of the statement in Cyclopedia of Federal Procedure. In that case one of the defendants did not file a formal answer in time but appeared at the trial and orally entered an answer of general denial. The court said, "All right; there is a general denial of each allegation," and the parties proceeded

to try the case. Thus, there actually was an answer in that case. In this case, there is no answer, written or oral, to the additional allegation. The language of rule 7 (a) is mandatory. Adherence to the mandatory language of the rule will prevent the kind of maneuvering for position that is found in this case. The rules are designed to eliminate the old concept of litigation as a battle of wits and to settle controversies on their merits. (*Seligson* v. *Camp Westover*, 1 F. R. D. 733; *Fierstein* v. *Piper Aircraft Corp.*, 79 F. Supp. 217)

It is true that if an answer were required, the defendant might have filed an answer denying knowledge or information sufficient to form a belief as to the truth of the additional allegation, as permitted under rule 8 (b). However, the court may not assume that such answer would have been filed. The amendment by which the allegation regarding the approval of the leases by the board was added to the complaint was allowed when the counsel for the Territory had the books purporting to contain the original minutes of the meetings of the board in the courtroom. Under such circumstance there is a serious question whether the counsel for the defendant could have filed an answer denying knowledge or information sufficient to form a belief as to the truth of the additional allegation, consistent with his obligation of good faith under rule 11. In *La Salle Co.* v. *Kane*, 8 F. R. D. 625, the court held that the defendant's answer denying knowledge or information sufficient to form a belief that the plaintiff was a Delaware corporation was insufficient to present an issue as to jurisdiction in a diversity case. The court stated: "His asserted lack of knowledge or information on that subject is not calculated to inspire confidence in his pleading, or to suggest familiarity on the part of his attorneys with Rule 11 of the Federal Rules."

In the absence of an answer to the additional allega-

tion, the court erred in holding that the Territory failed to prove the approval of the sale of the leases by the board. Until an answer is filed, the additional allegation must be taken to have been admitted.

The evidence presented by the Territory is sufficient to show that the commissioner made a valid contract with the defendant to enter into the leases. It is elementary in the law of contracts that at an auction an enforceable contract is formed upon the fall of the hammer. (Restatement of the Law of Contracts, § 27; Williston, *Law of Contracts,* Revised Edition, § 29) The statement in the published notice that "the sale of each lease to the highest bidder shall be deemed a bona fide contract enforceable by law" is but a restatement of this elementary principle. It is not disputed by the defendant that he was the highest bidder for the leases at the auction.

There is a sufficient compliance with the statute of frauds. On April 14, 1949, the defendant wrote to the commissioner: "As you know I was the highest bidder at the public sale of the leases covering the land at Moaula-Kopu-Makaka Makai, Kau, Hawaii, containing 2213.55 acres in Part 1 and 163.3 acres in Part 2, and the land at Kaalaala Makai, Kau containing 1944 acres. These leases were to take effect from January 15, 1948 at which time I paid the rent for the first six months plus costs of sale amounting to $1,499.23." He then requested that he be relieved from signing the leases, stating various reasons for the request. A memorandum of a contract is sufficient to satisfy the statute although it contains a request for a release from, or a repudiation of, the contract, if it contains an express or implicit admission that the contract was made. (*Franklin Sugar Refinery Co.* v. *Egerton,* 288 Fed. 698)

The Territory's evidence is also sufficient to show that the defendant failed to perform his obligation under the

contract. The notice of auction also stated that the sale "must be completed upon purchase of the lease for signature." We construe that statement as imposing upon the defendant the obligation to sign the leases for which he bid. He refused to sign.

The Territory, by its evidence, has shown a right to relief. As the right to relief is not based on the leases as alleged but on a breach of contract to enter into the leases, the complaint shall be further amended to conform to proof. (*Federal Deposit Insurance Corporation* v. *Siraco,* 174 F. [2d] 360)

A further trial is required to permit the defendant to assert his defense, if any. A defense of misrepresentation is indicated in the defendant's answer to the first amended complaint. The copies of Lease No. 3240 and Lease No. 3241 attached to the complaint show that the descriptions of the lands covered by the leases were revised in July 1948, six months after the auction. In the evidence presented to the court, the defendant's complaint about the difference in the boundaries of the lands that were offered for lease at the auction and the boundaries of the lands described in the leases appears for the first time in his letter of April 14, 1949, to the commissioner. If he complained to the Territory before that date and if the difference in the boundaries is material, those are matters for the defendant to prove.

Reversed and remanded for further proceedings in accordance with this opinion.

*Robert K. Fukuda,* Deputy Attorney General (*Edward N. Sylva,* Attorney General, with him on the briefs) for the Territory, plaintiff-appellant.

*Kenneth E. Young* (also on the brief) for defendant-appellee.