### 20253. MADDOX *v.* CLARK.

SUBMITTED OCTOBER 14, 1958—DECIDED NOVEMBER 7, 1958.

*B. B. Hayes, E. L. Stephens, Jr.,* for plaintiff in error.
*Harold E. Ward, H. Dale Thompson,* contra.

DUCKWORTH, Chief Justice. It is almost impossible to ascertain from the amended petition upon what specific grounds the petitioner claims the right to the relief sought. There is in neither the pleadings nor the evidence any semblance of obligation of the defendant to the petitioner, or even an excuse for demanding that she deed land she inherited from her husband to the petitioner, or why she should be enjoined from deeding or encumbering it to others. In this utterly confused state of both the pleadings and the evidence, we think it appropriate to apply what was said in *Smith* v. *Faulk,* 171 *Ga.* 616 (156 S. E. 185).

It was there said in headnote 1: "The court is authorized to award a nonsuit whenever the plaintiff fails to make out his case as laid; and this failure to produce sufficient proof may arise when the evidence introduced by the plaintiff is *so vague and indefinite as not to enable the jury to determine the amount which the plaintiff may be entitled to recover* [italics ours]. There must be some criteria, either in direct proof or circumstances, upon which a verdict can be predicated, or the judge is authorized to award a nonsuit."

This suit seeks to compel the defendant to convey her undivided one-half interest in the described lands to the plaintiff. There is not a document or even a verbal contract executed by her which obligates her to do what the petition seeks to compel her to do. Indeed there is neither alleged nor proven any contracted obligation, written or verbal, executed by her deceased husband, obligating him to convey as this suit seeks to have his wife convey her interest in this land. The sole contingency stipulated between the husband of the defendant and the petitioner in which the entire land was to be sold was when the husband failed to make the monthly payments of $400 from proceeds of the business on the specified outstanding indebtedness. Here it is shown that, while this contingency there stipulated occurred, the power to sell was not invoked. So all reference to that contract must be completely put aside if an understanding of the case is to be accomplished. The only other contract is one executed by the petitioner alone, which provided for the rental of the premises involved for $100 per month, with an option for the lessee to purchase within a year for a price of $7,000, on which the rentals paid were to be credited. It vaguely appears that the lessee seeks to exercise the option to purchase, and this plaintiff desires the defendant to sell. But there is no prayer that she deed it to the lessee. Instead, the prayer is that she deed it to the petitioner. For what consideration? Upon what obligation of hers, and what the petitioner would do with the title received from her, are all mysteries.

Though the exception here is to a judgment of nonsuit, which this court has repeatedly held brings for decision the one issue of whether or not the evidence proved the allegations (*McCand-*

*less* v. *Conley,* 115 *Ga.* 48, 41 S. E. 256; *Kelly* v. *Strouse,* 116 *Ga.* 872, 43 S. E. 280; *Evans* v. *Josephine Mills,* 119 *Ga.* 448, 46 S. E. 674; *McMillan* v. *Mobley,* 169 *Ga.* 511, 150 S. E. 843), yet, if· the evidence shows petitioner not entitled to recover, a nonsuit will not be reversed even though the allegations be proven. *Donaldson* v. *Marsh Cypress Co.,* 9 *Ga.* *App.* 267 (70 S. E. 1121); *Jackson* v. *Thompson,* 77 *Ga.* *App.* 367 (48 S. E. 2d 903); *Sewell* v. *Anderson,* 197 *Ga.* 623 (30 S. E. 2d 102); *Davis* v. *W. P. Brown & Sons Lumber Co.,* 198 *Ga.* 486 (32 S. E. 2d 253); and *Taylor* v. *Gates,* 206 *Ga.* 880 (59 S. E. 2d 365). The present case requires an application of the rule last cited above. The evidence proves that this defendant is under no obligation to convey her land to the petitioner. It also shows that he has no semblance of a right to prevent by injunction her conveyance or encumbering of the land in question. It follows that the judgment of nonsuit must be

*Affirmed. All the Justices concur.*