## 43176. CASSANO v. PILGREEN'S, INC.

WHITMAN, Judge. 1. The main question presented for decision in this case is whether the court erred in granting the motion for nonsuit. Plaintiff's negligence action alleged, among other things, that the defendant restaurant served him unwholesome food and that, as a consequence, he was made violently ill and received permanent injuries.

At the trial the only admissible evidence introduced by the plaintiff in support of his action was the plaintiff's own testimony that he, without having eaten any food previously throughout the day and not having been ill beforehand, ate food served him by defendant and, as a consequence, was within a few hours made violently ill and permanently injured to the extent that he "staggers," which injury caused the loss of his produce business and has rendered him generally unemployable.

"[P]roof by one claiming to have been injured by eating food furnished to him at a public restaurant or 'delicatessen,' merely that he ate the food and in consequence became sick,

would not, without more, establish the averment that the food was unwholesome." *McPherson v. Capuano & Co.,* 31 Ga. App. 82 (2) (121 SE 580).

Whether the food was unwholesome or whether plaintiff's illness and injury were caused by unwholesome food, who could say? There was no medical testimony. The evidence left the matter purely to surmise and supposition. The evidence was entirely circumstantial and, even when construed most strongly in the plaintiff's favor, it does not exclude every other reasonable hypothesis as to the cause of plaintiff's illness and injury and would not have supported a recovery. *Payton v. Lee,* 88 Ga. App. 422 (77 SE2d 77). Where the evidence would not have supported a recovery a nonsuit will not be reversed. *Maddox v. Clark,* 214 Ga. 575, 577 (106 SE2d 34).

The trial court did not err in granting the defendant's motion for nonsuit.

2. It was not error to sustain defendant's objection to a copy of a hospital record tendered into evidence under *Code Ann.* § 38-711 (Ga. L. 1952, p. 177). If a hospital record contains diagnostic opinions and conclusions, it cannot, upon proper objection, be admitted into evidence unless and until the proper foundation is laid, i.e., the person who entered such diagnostic opinions and conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based. See *Martin v. Baldwin,* 215 Ga. 293 (2c) (110 SE2d 344); *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370); *Meeks v. Lunsford,* 106 Ga. App. 154 (1) (126 SE2d 531).

Even more basic to the admissibility of a writing or a record under *Code Ann.* § 38-711, supra, is the requirement for *preliminary proof* as regards the document itself. " 'The evidence should include identification of the writing or record by a witness who is familiar with the method of keeping the records and who can testify thereto and to facts which show that the entry was made in the regular course of business and that it was the regular course of the business to make such memorandum or record at the time of the event or within a reasonable time thereafter.' Thomas F. Green, Jr., The Georgia Law of Evidence, p. 619, § 313." *Martin v. Baldwin,* 215 Ga. 293, 302 (110 SE2d 344). The preliminary proof is not satisfied by a written certification of the keeper of the record, as was attempted and objected to in the case sub judice, unless the parties have stipulated otherwise.

262

3. The plaintiff's only remaining enumeration of error is that it was error to allow defendant, on cross examination of plaintiff, to ask certain questions over objection regarding the amount of income shown by plaintiff's 1963 federal income tax return.

It being held by this court, as hereinabove stated, that the trial court did not err in granting the defendant's motion for nonsuit, which adjudicates the question of liability, and the question raised by Enumeration 1 having relation only to the matter of damages, it is unnecessary to pass on this enumeration of error. See *Southern R. Co. v. Leonard*, 58 Ga. App. 574, 585, 586 (199 SE 433). See also *Jones v. Mayor &c. of Athens*, 105 Ga. App. 86, 90 (123 SE2d 420).

Moreover, even if considered, this enumeration is without merit for the reason that plaintiff's attorney propounded the identical question to plaintiff on re-direct examination and thereby waived the objection.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ARGUED NOVEMBER 8, 1967—DECIDED FEBRUARY 16, 1968.

*Oze R. Horton*, for appellant.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Warner R. Wilson, Jr.*, for appellee.