MOSES MAKUAKANE, JR., ET AL. *v.*
BARBARA M. TANIGAWA, ET AL.

No. 4570.

June 27, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

This action was brought to quiet title to four separate parcels of land situated in the district of Puna, County and State of Hawaii. The pleadings show that all of the plaintiffs and all of the defendants are not claiming interests in and to all of the four parcels of land — some of the parties are claiming interests in all

of the four parcels, some are claiming interests in three parcels, two parcels and one parcel, respectively.

Thus, as recognized by the trial court, four separate claims or causes of action were combined into one suit. The trial of this suit, as admitted by the trial judge, added "some confusion to the orderly process of trial." In trial of cases involving joinder of claims and parties, as in all other cases, a trial judge should make certain that all applicable statutes and rules of the Hawaii Rules of Civil Procedure are followed to insure a fair trial.

After the plaintiffs had presented their case, on the separate motions of defendants, Katherine K. Maunakea, Albert Maunakea, Frank Maunakea and Hartwell Silva, hereinafter called Maunakeas, and defendants Grace B. Pa and Mary K. Bacon, hereinafter called Bacons, the trial court entered two separate orders dismissing plaintiffs' complaint against the Maunakeas and Bacons and plaintiffs appealed from these two orders.

The transcript shows that by testimonies of witnesses, plaintiffs proved a prima facie case that entitled them to relief upon the facts and the law and the trial court erred in granting defendants' motion for dismissal. Under Rule 41 (b) , H.R.C.P., as this court stated in *Territory* v. *Branco,* 42 Haw. 304 (1958) at page 311 "a motion to dismiss is granted only if the plaintiff has shown 'no right to relief.' "

As one of the specifications of error, plaintiffs contend that the trial court erred in its ruling that plaintiffs' exhibit 22 was a deed instead of a mortgage. The instrument was drafted in the Hawaiian language and two translations, one by Jack K. Mathews (Ex. 22a) and the other by Lucy Polikapu (Ex. 22b) , were admitted into evidence. Both translations are substantially the same. The instrument in question contained an absolute conveyance from Lizzie K. Makuakane and D. K. Makuakane to David B. Keawehano for the consideration of $110.00.

The other pertinent portion of the instrument reads as follows:

"PROVIDED HOWEVER; if the sum of One Hundred Ten (110.00) Dollars is paid in full within one (1) year from the 1 day of January, 1908, to David B. Keawehano,

or his successors, administrators, heirs, or assigns, then this conveyance shall be of no force and effect."[1]

In the trial of a jury waived case, where a translation of an instrument is offered into evidence, the trial judge should first determine if it is accurate and if he decides it is, he should admit that translation and no other translation.

There is no doubt that the instrument in question could have been drafted more artistically. The instrument is basically in the same form as modern mortgages drafted in this jurisdiction. That is, a mortgage usually contains an outright or absolute conveyance to a mortgagee with a defeasance clause whereby it is stated that upon the payment of a certain sum of money the deed shall become null and void. The law is clear that where an absolute conveyance contains a defeasance clause, the instrument is a mortgage. *Chave* v. *Dowsett*, 6 Haw. 221 (1878) ; *Kahau* v. *Booth*, 10 Haw. 332 (1896).

The record shows that a pre-trial conference was held on June 15, 1964, and that the pre-trial order was not signed by the parties and filed in court until June 30, 1964, 14 days after the commencement of the trial. An amendment to the complaint was filed on June 24, 1964; and amended answers were filed by the Maunakeas and Bacons on June 29, 1964.

One of plaintiffs' contentions is that the trial court erred in its finding of fact contained in the order of dismissal that the plaintiffs recognized good paper title in the Maunakeas. Plaintiffs argue that at the pre-trial conference they admitted that the Maunakeas had good record title to tax key 1-3-02 parcel 55 as alleged in their original answer; however, the admission was not applicable to allegation of ownership, contained in the amended answer, as to a parcel of land described by metes and bounds without any showing that the description was for tax key 1-3-02 parcel 55. We agree with plaintiffs that by stipulation made at the pre-trial conference, the Maunakeas had only admitted good record title to tax key 1-3-02 parcel 55 as alleged in the original

---

[1]Jack K. Mathews' translation.

Lucy Polikapu's translation of this provision was as follows: "But if this $110.00 is paid within one year from January 1908 to David B. Keawehano or his heirs and assigns this deed shall be void."

answer and the admission is not applicable to other property described in the amended answer.

After a pre-trial conference, a trial judge should not commence with the trial until a pre-trial order has been signed. Otherwise, a pre-trial conference will be meaningless because parties and attorneys cannot be held bound by the provisions of an unsigned pre-trial order.

We have carefully reviewed and considered the other specifications of error and find them without merit.

Reversed and remanded for a new trial.

*Molly D. Zimring* for plaintiffs-appellants.

*William K. Amona* for defendants-appellees Katherine K. Maunakea, Albert Maunakea, Frank Maunakea and Hartwell Silva.

*George P. Holt* for defendants-appellees Mary K. Bacon and Grace Black Pa.