45156. WILSON v. MARS, INC. et al.

QUILLIAN, Judge. The plaintiff filed a claim against Mars, Inc., d/b/a Bakery Thrift Store, for damages which he alleged resulted from food poisoning he suffered from eating a cream-filled pastry which was "contaminated, and was unfit for human consumption because it was putrid and deleterious." At the conclusion of the plaintiff's evidence, the trial judge directed a verdict for the defendant.

There was evidence that the plaintiff ate an egg, bacon and toast at approximately 8 a.m. and at approximately 12 noon he had a hot dog and coke; between 2 and 2:30 p.m. he ate the chocolate cream-filled pastry. The plaintiff testified that: "I couldn't taste this thing and tell anything was wrong with it. If I had, of course, I wouldn't have eaten it." The plaintiff further testified that at approximately 4 p.m. he became ill. *Held:*

1. The plaintiff contends that the trial judge erred in refusing to allow him to testify as to what one of the defendant's former employees had told him in regard to the procedures followed by the defendant corporation in stocking its shelves. The plaintiff argues that the evidence should have been admitted because the witness who gave him the information had been subpoenaed but was not available.

While there are certain exceptions to the hearsay rule because of necessity, such are not the circumstances of the case sub judice. See *Chrysler Motors Corp. v. Davis*, 226 Ga. 221 (173 SE2d 691).

The evidence was hearsay and its exclusion was not error.

2. While there was medical evidence that the plaintiff had suffered from food poisoning on the day in question, there was no evidence that the pastry eaten was unwholesome or deleterious.

In *Armour & Co. v. Gulley*, 61 Ga. App. 414 (3) (6 SE2d 165), it was held: "The alleged fact upon which the plaintiff rested his case, that the eating of the meat caused his sickness, rested upon circumstances. This fact alone was insufficient; it was also necessary to show that the meat eaten was unwholesome and deleterious. The proof of the fact depended entirely on circumstantial evidence, and the facts proved did not tend to establish such conclusion or inference to an appreciable extent over other inferences or inconsistent conclusions. For that reason the verdict found was not supported by the evidence." See also *Payton v. Lee*, 88 Ga. App. 422 (77 SE2d 77).

The direction of the verdict was not error.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*

SUBMITTED MARCH 2, 1970—DECIDED MAY 22, 1970.

J. E. Wilson, *pro se.*
*Lokey & Bowden, Glenn Frick,* for appellees.