44991. SOUTHERN RAILWAY COMPANY v. GEORGIA KRAFT COMPANY.
(367 SE2d 539)

MARSHALL, Chief Justice.

We granted certiorari in *Southern R. Co. v. Ga. Kraft Co.,* 183 Ga. App. 884 (5) (360 SE2d 605) (1987), in order to review the correctness of the jury instructions on circumstantial evidence in this civil action.

The Court of Appeals, in Division 5 of the majority opinion, concluded that the trial court did not err in instructing the jury that circumstantial evidence must be contrary to any other reasonable hypothesis in order for the burden of proof on such issue to be carried.

For the reasons given in Judge Carley's dissenting opinion (183 Ga. App., supra at p. 887), we agree that under *Radcliffe v. Maddox,* 45 Ga. App. 676 (2) (165 SE 841) (1932), and the cases cited therein, this charge was erroneous.

The point is elusive, but can be stated as follows:

Circumstantial evidence can be described as evidence which does not constitute direct proof with regard to the issue of fact or the hypothesis sought to be proven by the evidence; rather, circumstantial evidence constitutes proof of other facts consistent with the hypothesis claimed.

As held in *Radcliffe,* supra, the question as to the sufficiency of the circumstantial evidence, and its consistency or inconsistency with alternative hypotheses, is a question for the jury. The correct statement of law to be given in instructions to the jury is that before "a plaintiff in a civil case" can have "a verdict in his favor" supported solely by circumstantial evidence, such evidence "must be such as to

reasonably establish the theory relied upon, and to preponderate to that theory rather than to any other reasonable hypothesis." *Radcliffe*, supra, 45 Ga. App. at p. 681.

The standard for reviewing the legal sufficiency of circumstantial evidence, which is sole support for the finding under review, can be stated as follows:

> While in such cases the sufficiency of the evidence is for the jury, yet before there is, in legal contemplation, any evidence, the circumstances shown must, in some appreciable degree, tend to establish the conclusion claimed . . . . Id. at pp. 681-682.

As further held in *Radcliffe*,

> In neither criminal nor civil cases is it required that the proved circumstances shall show consistency with the hypothesis claimed and inconsistency with all other reasonable theories to the point of logical demonstration. In civil cases all other reasonable theories are excluded when proved circumstances of real and actual probative value cause the jury to find that the preponderance of the evidence is in favor of the hypothesis claimed, as against all other reasonable but less probable theories. Where a decision is required between two or more antagonistic theories, an authorized finding that the evidence preponderates to one theory as against all the others necessarily carries with it a finding that the rejected theories are excluded. Id. at pp. 682-683.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 21, 1988 —
RECONSIDERATION DENIED MAY 25, 1988.

*Greene, Buckley, Derieux & Jones, Burt Derieux, Eileen Crowley, Keith J. Reisman, Kinney, Kemp, Pickell, Sponcler & Joiner, L. Hugh Kemp,* for appellant.

*Drew, Eckl & Farnham, W. Wray Eckl,* for appellee.