A92A1486. CASTLEBERRY'S FOOD COMPANY et al. v. SMITH.
(424 SE2d 33)

JOHNSON, Judge.

Richard Smith brought this action against Castleberry's Food Company and Martin Food Services, Inc. alleging that his consumption of two cans of lasagna produced by Castleberry's and purchased from a vending machine supplied by Martin caused him to become ill. Approximately 30 minutes after eating the lasagna and drinking a soft drink, Smith was transported to a local hospital where he exhibited symptoms including nausea, weakness, and cramping. He was treated with oxygen and quickly improved. Smith remained in the hospital for two days, during which he was treated for pre-existing diabetes. Following the trial of the case, the trial court entered judgment in accordance with the jury's verdict of general damages in the amount of $10,000, plus post-judgment interest and costs. Castleberry's and Martin filed a motion for j.n.o.v. which the trial court denied. A timely notice of appeal was filed. Smith filed a motion to dismiss the notice of appeal asserting that the requirements of OCGA § 5-6-35 (a) (6) had not been followed. Specifically, he argued that the judgment was not subject to direct appeal in that it was in an amount of less than $10,000 and the procedures for discretionary appeal had not been followed. The trial court granted the motion to dismiss the appeal.

Castleberry's and Martin then filed both a notice of direct appeal

and an application for discretionary review of the trial court's dismissal of the earlier notice of appeal. The application for discretionary review was correctly denied, and this case is presently before us on direct appeal for consideration of the trial court's dismissal of the notice of appeal and for review of the trial court's denial of Castleberry's and Martin's motions for a directed verdict and for j.n.o.v. Smith filed a motion to dismiss this appeal.

The dismissal of an appeal by the trial court is subject to direct appeal. "If a trial court commits an error of law by abusing its discretion in ruling on a motion to dismiss an appeal . . . an appeal should be filed from the order of the trial court by the losing party as provided by law." *Gilman Paper Co. v. James,* 235 Ga. 348, 349 (219 SE2d 447) (1975). Accordingly, Smith's motion to dismiss this appeal is denied.

1. Following entry of judgment, Castleberry's and Martin filed a timely notice of direct appeal. Smith filed a motion to dismiss the appeal in the trial court asserting that the judgment in favor of Smith was in an amount which would subject it to discretionary appeal procedures. The trial court granted the motion and dismissed the direct appeal. Castleberry's and Martin assert that this was error. We agree.

Those circumstances under which a trial court may properly dismiss an appeal are strictly limited. OCGA § 5-6-48 (c) statutorily authorizes a trial court to dismiss an appeal only in those instances where the appellant caused an unreasonable, inexcusable delay in the filing of the transcript or where an unreasonable, inexcusable delay in the transmission of the record to the appellate court was caused by the failure of a party to pay costs or secure an affidavit of indigency. The trial court's authority was expanded when, in *Jones v. Singleton,* 253 Ga. 41 (316 SE2d 154) (1984), the Georgia Supreme Court upheld a trial court's dismissal of appellant's notice of appeal because no final judgment in the case had been entered and the trial court had not certified the case for interlocutory review, i.e., in those instances in which a case is not ripe for appeal. This court applied the holding in the *Jones* case and expanded it in *Attwell v. Lane Co.,* 182 Ga. App. 813 (357 SE2d 142) (1987). There, we held: "the trial court is empowered to dismiss an appeal '(w)here the questions presented have become moot.' OCGA § 5-6-48 (b) (3)." Id. at 814 (1). Both of these dismissals arose under the ambit of OCGA § 5-6-48.

We are not willing to construe legislation so broadly as to divest ourselves of the responsibility for delineating the scope of appellate jurisdiction pursuant to OCGA § 5-6-35, and to place that responsibility on overburdened trial courts. We hold that the trial court was without authority to dismiss the appeal on jurisdictional grounds. See *Davis v. Davis,* 222 Ga. 369 (149 SE2d 802) (1966).

Even if the trial court had the authority to consider the merits of

Smith's motion to dismiss, the conclusion that an appeal of a judgment in the amount of $10,000, plus post-judgment interest, plus costs falls within the discretionary appeal procedures was clearly erroneous. OCGA § 5-6-35 (a) (6) provides that discretionary appeal procedures must be followed in those cases in which "[t]he *judgment* is $10,000.00 or less." (Emphasis supplied.) In this case, the *verdict* was in the amount of $10,000; the judgment, however, was in the principal amount of $10,000, *plus* costs (in this case in the amount of $86.50) *plus* interest. Two cases have approached, but not reached this issue. See *Batchelor v. ISFA Corp.*, 191 Ga. App. 238 (382 SE2d 434) (1989) and *Alexander v. Steining*, 197 Ga. App. 328 (398 SE2d 390) (1990). In *Batchelor*, this court considered principal as well as interest in making its determination that the amount of the judgment was insufficient to sustain a direct appeal. In *Alexander*, while addressing jurisdictional limitations, this court held that "[a] judgment must be construed in its entirety, rather than merely placing undue emphasis on any particular word therein." Id. at 328 (1). We believe that these cases provide sufficient clarity, but to put the matter finally to rest, we hold that for establishing jurisdiction pursuant to OCGA § 5-6-35 (a) (6), a judgment is comprised of principal, plus costs, plus interest at the legal rate accrued from the date of the filing of the judgment until the date of the filing of the notice of appeal.

2. Castleberry's and Martin also contend that the trial court erred in denying its motions for a directed verdict and for j.n.o.v. as the evidence was insufficient to authorize the verdict and judgment in favor of Smith. Smith argues that Castleberry's and Martin's enumerations of error based on the insufficiency of the evidence were not properly preserved for review in that discretionary application procedures were not followed. Having resolved that issue adversely to Smith, we will address this enumeration on its merits.

A plaintiff may prevail in food poisoning cases in Georgia by establishing that the food at issue was defective or unwholesome. *Wilson v. Mars, Inc.*, 121 Ga. App. 790, 791 (175 SE2d 924) (1970); *Armour & Co. v. Gulley*, 61 Ga. App. 414 (6 SE2d 165) (1939). In the absence of direct evidence of the defectiveness of the food, recovery could be supported by circumstantial evidence if every other reasonable hypothesis as to the cause of the plaintiff's illness could be excluded. See *Payton v. Lee*, 88 Ga. App. 422, 425 (77 SE2d 77) (1953).

At trial, Castleberry's director of quality control described the manufacturing procedures utilized to ensure wholesomeness of the product. The process involves the cooking of the lasagna at a temperature of 245 degrees for 65 minutes. He explained their random inspection procedures as well as the record-keeping procedures for ensuring that no defects occur in the product. He testified that he had reviewed the records for a six-month period prior to the date of

Smith's ingestion of the lasagna. Although the date that the cans of lasagna eaten by Smith were produced was not established, the witness testified that they had most likely been produced in December 1988, and that he found no evidence that any of the quality control procedures had not been followed during that time. He concluded that no defective lasagna had been produced by Castleberry's prior to the date of the incident alleged in this case. This evidence was not controverted.

Smith testified that he became ill approximately thirty minutes after eating the two cans of lasagna and drinking a soft drink. A microbiologist testified that the type of food poisoning alleged by Smith would have occurred within two to six hours after consumption of contaminated food. He also testified that such spoilage would have been evident to Smith in the form of a swollen can or by abnormal smell or taste. This evidence was not controverted. Furthermore, Smith admitted that the lasagna looked, smelled, and tasted good.

Smith produced evidence that he ate lasagna and became ill. He has not presented any evidence, however, that the lasagna was the proximate cause of his illness. Two doctors testified that there was the possibility that Smith suffered from food poisoning, but neither was willing to state an opinion regarding the etiology of the condition. One of the doctors testified that Smith's symptoms could have been produced by a virus, an infection, or an "endless" list of possible causes. He further testified that Smith's symptoms were consistent with a hypoglycemic condition related to his diabetes.

"Whether proceeding under a strict liability or a negligence theory, 'proximate cause' is a necessary element of (plaintiff's) case. [Cits.]" *Talley v. City Tank Corp.*, 158 Ga. App. 130, 134 (3) (279 SE2d 264) (1981). While questions of causation are usually reserved for the jury, in a matter of plain and undisputed cases, it will be determined by the court. *Stanoiu v. Reyes*, 198 Ga. App. 692, 693 (1) (402 SE2d 526) (1991). We find that there was no evidence in the record establishing the link between the lasagna produced by Castleberry's and distributed by Martin and Smith's illness. Therefore, Smith failed to prove an essential element of his case. A verdict based on conjecture cannot stand. See *Young Men's Christian Assn. (YMCA) v. Bailey*, 112 Ga. App. 684, 705 (14) (146 SE2d 324) (1965). The trial court erred in failing to direct a verdict and/or in failing to enter a j.n.o.v. in favor of Castleberry's and Martin.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 6, 1992 —
RECONSIDERATION DENIED OCTOBER 20, 1992.

*Alembik, Fine & Callner, Mark E. Bergeson, Gary L. Johnson,*

for appellants.
*Stephen R. Patton, Douglas L. Breault*, for appellee.