A95A2204. EDWARDS v. CAMPBELL TAGGART BAKING COMPANIES, INC. et al.

(466 SE2d 911)

BLACKBURN, Judge.

Alphonso Edwards appeals the trial court's summary adjudication of his claims against a bakery and a grocery store that allegedly prepared and sold him an adulterated loaf of bread.

On June 26, 1994, Edwards purchased a loaf of bread prepared by Campbell Taggart Baking Companies, Inc. from J. R.'s Big Bear Foods. He ate several slices of the bread with his breakfast the next morning. At the time, Edwards found nothing unusual with the bread's taste, smell or texture. Following his breakfast, Edwards experienced a strange taste in his mouth and felt ill for the remainder of the day. He had some more of the bread for breakfast the next morning after which he detected an unusual taste in his mouth, but he did not know whether it was caused by the bread. Edwards then looked at his plate and saw a dark brown spot in the bread slice that he thought was a bug. Though he did not ingest any of the dark brown spot, he immediately began vomiting. Plaintiff then examined the bread and deposed that it smelled "rank."

The bread was ultimately tested by the State Department of Agriculture. Jane H. Jenkins, a chemist in the food laboratory of the Georgia Department of Agriculture, examined the bread and determined that the dark spot was a discolored clump of "greasy dough" and not an insect. She averred: "[g]reasy dough is baking dough which has accumulated a greater than normal amount of oil and/or grease. . . . Because of the greater than normal amount of oil and grease present, greasy dough is darker in appearance than the remaining product and is often mistaken for a foreign material." The record reflects that prior to eating the bread, Edwards had a history of digestive problems. On deposition, Edwards' physician opined that Edwards' illness was caused by his perception of what he ate and not by the quality of the bread.

The party moving for summary judgment has the burden of demonstrating by reference to the evidence and legal authority that there is an absence of evidence to support the non-moving party's case. In response, the non-moving party must point to specific evidence giving rise to a triable issue. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. "A plaintiff may prevail in food poisoning cases in Georgia by establishing that the food at issue was defective or unwholesome. *Wilson v. Mars, Inc.*, 121 Ga. App. 790, 791 (175 SE2d 924) (1970); *Armour & Co. v. Gulley*, 61 Ga. App. 414 (6 SE2d 165) (1939). In the absence of direct evidence of the defectiveness of the food, recovery could be supported by circumstantial evidence if every other reasonable hypothesis as to the cause of the plaintiff's illness could be excluded. See *Payton v. Lee*, 88 Ga. App. 422, 425 (77 SE2d 77) (1953)." *Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 861 (424 SE2d 33) (1992). Jenkins' affidavit states that the discolored portion of the bread was nothing more than a clump of dough that contained a higher proportion of oil and grease than the remainder of the dough used to make the loaf and did not render the bread unwholesome. Edwards has offered no evidence in rebuttal as to why this small clump of greasy dough would render the bread defective. His argument that the bakery's negligent production methods may have contributed to the inclusion of the greasy dough is speculative at best and, thus, is not properly considered in evaluating the summary judgment motion. "An inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." (Punctuation omitted.) *Moore v. Winn-Dixie Stores*, 216 Ga. App. 72 (454 SE2d 532) (1995).

Further, while Edwards deposed that the bread smelled rank, he detected no unusual smell upon opening or eating several slices of the bread the previous day. Rather, he only complained of the smell after he noticed the discolored spot he mistook for a bug. As the plaintiff offered conflicting statements as to the foul odor of the bread, evidence of the bread's smell does not raise an issue of fact as to whether the bread was defective. "If on motion for summary judgment a party offered self-contradictory testimony on the dispositive issue in the case, and the more favorable portion of his testimony was the only evidence of his right to a verdict in his favor, the trial court must construe the contradictory testimony against him." (Citation and punctuation omitted.) *Thomas v. Southwest Ga. Community Action Council*, 215 Ga. App. 638, 640 (451 SE2d 800) (1994).

In the absence of any direct evidence that the bread was unwholesome, we must determine whether the circumstantial evidence would exclude every other reasonable hypothesis as to the cause of Edwards' illness. Edwards ate a variety of different foods in the pe-

riod just prior to his illness, any one of which could have caused his symptoms. He also had a pre-existing condition that impacted his digestive tract that also may have caused this episode. Finally, as noted by his own doctor, it is possible Edwards' illness was caused by his perception of what he ate, as opposed to what he actually did eat. As every other reasonable hypothesis as to the cause of Edwards' illness cannot be excluded, Edwards' claim fails as a matter of law.

2. Edwards asserts that the trial court erred in relying on Jenkins' affidavit in evaluating the summary judgment. First, Edwards argues that the affidavit was not clearly based upon Jenkins' personal knowledge. "The personal knowledge requirement set forth in OCGA § 9-11-56 (e) . . . is met where the contents of the pleading indicate that material parts of it are statements within the personal knowledge of the affiant, as opposed to being made upon information and belief." (Citation and punctuation omitted.) *Logan v. American Bankers Life Assurance Co. &c.*, 168 Ga. App. 647, 649 (310 SE2d 263) (1983). Although it does not expressly state that it was based on personal knowledge, Jenkins' affidavit clearly reflects that its contents were rooted in Jenkins' personal knowledge and observation.

Edwards also asserts that the trial court erred in relying on portions of Jenkins' affidavit, arguing that it was conclusory. No such error occurred. Jenkins' affidavit clearly outlined the facts supporting her position thus enabling Edwards an adequate opportunity to rebut either her determinations or any of the facts upon which they were based. See *Bridges v. Dept. of Transp.*, 209 Ga. App. 33, 34 (432 SE2d 634) (1993) (affidavit that provided conclusion without providing its factual basis was not adequate to pierce the facts presented by the movant for summary judgment).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 9, 1996.

*Bruce E. Pashley*, for appellant.
*Freeman & Hawkins, Barry S. Noeltner*, for appellees.