## A00A0905. MANN et al. v. D. L. LEE & SONS, INC.

(537 SE2d 683)

SMITH, Presiding Judge.

Ralph Mann, Jr. and his wife, Hermelinda Mann,[1] brought this product liability action in Bacon County against D. L. Lee & Sons, Inc., the packers of a ham purchased by the Manns that they alleged was defective. The trial court granted D. L. Lee's motion for summary judgment, and the Manns appeal. Finding no error, we affirm.

The record shows that Mrs. Mann purchased the ham on November 22, 1995, stored it in her refrigerator, and cooked it the following day for Thanksgiving dinner. No ham was consumed by either of the Manns on Thanksgiving day, and the ham was wrapped in foil and stored in the refrigerator. On November 24, 1995, the day after Thanksgiving, Mrs. Mann warmed portions of the ham, and Mr. Mann ate it for breakfast, along with eggs and grits. The ham did not appear to be bad; it did not look, taste, or smell bad. Several hours later, both Manns became ill with nausea, vomiting, abdominal cramping, and diarrhea. When the symptoms did not improve, they sought medical treatment at the emergency room of the local hospital.

The emergency doctor who treated them, Dr. James Elsey, diagnosed the illness as probable food poisoning. In an affidavit presented in support of D. L. Lee's motion for summary judgment, Dr. Elsey stated that his "impression" of "gastroenteritis and food poisoning secondary to ham intoxication" was based upon his examination of the Manns, as well as upon what they told him. And both Mr. and Mrs. Mann "complained of nausea, vomiting and diarrhea after eating ham for breakfast."

A stool culture performed on Mr. Mann to discover the responsible organism revealed no pathogens. The ham was kept in the Manns' freezer. Mr. Mann testified on his deposition that he discarded it several years later, after the freezer was turned off accidentally, spoiling its contents. No tests were performed on the ham.

The Manns contend the trial court erred in granting summary judgment to the defendant because genuine issues of material fact remained for jury resolution. We do not agree. A person claiming injury from consuming allegedly unwholesome food must show a causal link between that food and the resulting illness.

> Illness alone cannot establish proximate cause; a mere showing that a person became sick subsequent to eating food is insufficient. In the absence of direct evidence of the

---

[1] Hermelinda Mann died during the pendency of this action, and her daughter, Connie Mann-Evans, was substituted for her mother as a party plaintiff.

unwholesomeness or adulteration of the food, recovery could be supported by circumstantial evidence if every other reasonable hypothesis as to the cause of the plaintiff's illness could be excluded.

(Citations and punctuation omitted.) *Meyer v. Super Discount Markets*, 231 Ga. App. 763, 765 (1) (501 SE2d 2) (1998).

In this case, no direct evidence was presented that the ham was tainted. Any recovery, therefore, would have to be supported by circumstantial evidence that excluded every other reasonable hypothesis. No such circumstantial evidence was produced. Although Dr. Elsey had the "impression" that the Manns were sickened by the ham, this "impression" was partly formed by information provided by the Manns that they believed their illness was caused by bad ham.

Given that no laboratory test performed on the Manns revealed any pathogen responsible for their symptoms, that the Manns consumed other foods at the same time they ate the ham, and that the ham itself was not available for testing but had not looked, smelled, or tasted bad, the Manns could not carry their burden of excluding every other reasonable hypothesis as to the cause of their illness. See *Edwards v. Campbell Taggart Baking Cos.*, 219 Ga. App. 806, 807-808 (1) (466 SE2d 911) (1996) (plaintiff ate a variety of foods prior to becoming ill, any one of which could have caused symptoms). The trial court therefore properly granted summary judgment to D. L. Lee.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED JULY 18, 2000.

*Michael B. King*, for appellants.
*Carr, Tabb, Pope & Freeman, Eric N. Van De Water*, for appellee.