Bethel, Judge.
Joshua and Taylor Patterson (the “Pattersons”) appeal from the trial court’s grant of summary judgment in favor of Kevon, LLC, the owner and operator of Big Kev’s Barbecue (“Big Kev’s”), a dining and catering establishment. The Pattersons attended a wedding rehearsal dinner at which chicken and other food items were prepared and served by Big Kev’s. The Pattersons later brought suit against Kevon, alleging that the food prepared and served by Big Kev’s at the dinner had been negligently prepared, was unsavory and contaminated, and had caused them a variety of ailments in the days following the rehearsal dinner. Finding that the Pattersons had not excluded all other reasonable possibilities for why they became sick, the trial court granted summary judgment in favor of Kevon. We agree with that determination and affirm the trial court’s ruling.
To prevail on a motion for summary judgment pursuant to OCGA § 9-11-56 (c), the moving party must demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Because this case arises from a decision on Kevon’s summary judgment motion, we view the facts in a light most favorable to the Pattersons as the non-moving parties. Lau’s Corp. v. Haskins, 261 Ga. 491, 491 (405 SE2d 474) (1991).
*257 So viewed, Big Kev’s provided a variety of foods for the rehearsal dinner, including barbecue chicken, macaroni and cheese, and cole slaw. Neither the Pattersons nor any other dinner guests inspected any of the food before consuming it, and the food served by Big Kev’s was never tested for salmonella or other pathogens. None of the guests suggested that the food served by Big Kev’s looked or smelled abnormal at the time it was served.
Desserts for the rehearsal dinner were prepared by someone other than Big Kev’s. The Pattersons each ate dessert at the dinner, but several individuals who reported becoming ill testified that they did not have dessert at the rehearsal dinner. There was a bartender at the rehearsal dinner (not employed by or affiliated with Big Kev’s) who served alcoholic beverages to guests. Several guests, including Joshua Patterson, drank alcohol at the rehearsal dinner, but Taylor Patterson did not recall drinking alcohol at the rehearsal dinner. Leftovers from the meal were stored in a cooler overnight by the groom’s parents and then consumed the following day by Joshua Patterson and other members of the wedding party Taylor Patterson did not eat the leftovers, nor did some of the other guests who later reported being ill.
A couple of days[1] after the rehearsal dinner, the Pattersons were out of town when Joshua Patterson became ill with symptoms consistent with a salmonella infection. He sought medical treatment the following morning, and he was admitted to emergency care where he later tested positive for salmonella. He remained under medical care and supervision for several days, during which time Taylor Patterson also began to experience symptoms consistent with food poisoning.[2]
The Pattersons returned home a few days later and learned that other guests who had eaten at the rehearsal dinner had also suffered symptoms consistent with salmonella poisoning around the same time Joshua Patterson had begun feeling ill. However, the owners of the event venue where the rehearsal dinner took place (and a number of its employees) consumed food that evening prepared by Big Kev’s, and they did not report becoming ill. Likewise, there were several *258 other people who consumed the food served by Big Kev’s at the rehearsal dinner and as leftovers the following day who did not become ill.
The Pattersons brought suit against Kevon, alleging that the food served at the dinner by Big Kev’s had been negligently prepared and was the cause of their illnesses. The Pattersons also claimed that Kevon had violated the Georgia Food Act, OCGA § 26-2-20 et seq., by serving food that was adulterated and that Kevon was strictly liable for failing to warn the Pattersons of defective conditions in the food served at the dinner.
Kevon moved for summary judgment on each claim, arguing that the Pattersons had failed to demonstrate that the food prepared and served by Kevon was the proximate cause of the Pattersons’ illnesses. Specifically, Kevon noted the absence of scientific testing or other direct evidence that the food was underprepared or otherwise unfit for consumption and argued that the circumstantial evidence in the record failed to exclude every other reasonable hypothesis as to the cause of the Pattersons’ illnesses. Following a hearing, the trial court granted Kevon’s motion for summary judgment as to all claims on that basis. This appeal followed.
Because Kevon’s motion for summary judgment and the trial court’s order granting it focused solely on the issue of proximate cause, we do not consider whether the Pattersons have brought forward evidence to establish the other elements of their claims against Kevon. See Ashton Atlanta Residential v. Ajibola, 331 Ga. App. 231, 232 (770 SE2d 311) (2015) (“Ifthereisno evidence sufficient to create a genuine issue as to any essential element of plaintiff’s claim . . . [a] 11 of the other disputes of fact are rendered immaterial.”) (citation and punctuation omitted).
At the outset, we note that a plaintiff may prevail in food poisoning cases in Georgia by establishing that the food at issue was defective or unwholesome. Wilson v. Mars, 121 Ga. App. 790, 791 (2) (175 SE2d 924) (1970). However, in the absence of direct evidence of the defectiveness of the food, recovery can be supported by circumstantial evidence only if every other reasonable hypothesis as to the cause of the plaintiff’s illness can be excluded by the evidence brought forward by the plaintiff. See Payton v. Lee, 88 Ga. App. 422, 425 (77 SE2d 77) (1953). Here, we agree with the trial court that the Patter-sons have not met this burden.
Although both the Pattersons and a number of others who consumed the food served by Big Kev’s at the rehearsal dinner subsequently became ill, the record shows that a number of individuals who consumed the same food that evening did not become ill. Thus the Pattersons’ theory of the case does not exclude the possibility that *259 the illness was transmitted to them from a source other than the food served by Big Kev’s or explain why others who consumed the food served by Big Kev’s did not become ill. Likewise, because Taylor Patterson only began to show symptoms of illness several days after her husband and others reported beginning to feel sick, she has not excluded the possibility that she became ill as a result of her exposure and proximity to Joshua while he was symptomatic.
We take note of the Pattersons’ argument that, in negligence suits, proximate cause is generally a question of fact that is reserved for the jury, citing our decision in Castleberry’s Food Co. v. Smith, 205 Ga. App. 859, 862 (2) (424 SE2d 33) (1992). However, suits alleging illness from food poisoning that are based entirely on circumstantial evidence are a unique species of negligence cases, and our prior decisions have required plaintiffs in this context to bring forth evidence demonstrating that the only reasonable hypothesis for why they became ill was due to acts or omissions of the defendant, to the exclusion of all other reasonable theories. See, e.g., Stevenson v. Winn-Dixie Atlanta, 211 Ga. App. 572, 574-575 (1) (440 SE2d 465) (1993).
This special element prevents a plaintiff from recovering solely on the basis of speculation and conjecture and requires plaintiffs to engage in a rigorous examination of all reasonable theories of contamination. See Edwards v. Campbell Taggart Baking Cos., 219 Ga. App. 806, 807 (1) (466 SE2d 911) (1996); Castleberry’s Food, 205 Ga. App. at 862 (2) (“[a] verdict based on conjecture cannot stand”). This standard also shields defendants from what, in some cases, may amount to fallacious post hoc, ergo propter hoc arguments that advance the plaintiff’s theory of contamination.[3] See Mann v. D. L. Lee & Sons, 245 Ga. App. 224, 224 (537 SE2d 683) (2000) (providing that illness alone cannot establish proximate cause and that a mere showing that a person became sick subsequent to eating food is insufficient). In so doing, this rule reserves to the jury only those cases in which evidence brought forth by the plaintiff establishes a clear and direct link between the defendant’s food and the plaintiff’s *260 injuries. Because the Pattersons have not carried that heavy burden in this case, we affirm the trial court’s grant of summary judgment in favor of Kevon.

Judgment affirmed.

Miller, P. J., Branch, McMillian andMercier, JJ., concur. Doyle, C. J., Barnes, P. J., McFadden, P. J., and Reese, J., dissent.

 During this period, the Pattersons ate several meals from various sources including a meal at the wedding reception not catered by Big Kev’s and at least one meal at a chain fast food establishment.

 Taylor Patterson was never tested for salmonella. Both of the Pattersons testified that she was treated for salmonella because her symptoms were similar to those of her husband. Like Taylor, there were other guests at the dinner who later reported being ill but who were never diagnosed with salmonella.

 The record in this case illustrates this point. In a deposition of one of the non-party witnesses, counsel for the Pattersons asked the witness only a pair of questions: “You weren’t experiencing any [symptoms] prior to [the dinner] were you?” and “[T]hose symptoms did not start until after eating at the rehearsal dinner . . . correct?” Plaintiff’s counsel repeated this colloquy with another witness, adding only a question as to how many days of work she had missed after becoming ill. To a third witness, plaintiff’s counsel asked only whether it was the witness’s opinion and belief that he had become ill due to eating the food served at the rehearsal dinner. In order to survive a motion for summary judgment in this type of case, a more thorough examination of the potential causes of illness is required.