McFADDEN, Presiding Judge,
dissenting.
I respectfully dissent. Because the trial court invaded the province of the jury in granting summary judgment to Big Kev’s, the judgment should be reversed.
There is no direct evidence that the food served by Big Kev’s at the rehearsal dinner was defective, so the Pattersons must rely on circumstantial evidence to satisfy the proximate cause element of their case against Big Kev’s. That is not an easy burden. To prevail on their claim at trial, the Pattersons must show that every other reasonable hypothesis as to the cause of their illness can be excluded. See Worthy v. Beautiful Restaurant, 252 Ga. App. 479, 481 (1) (556 SE2d 185) (2001); Castleberry’s Food Co. v. Smith, 205 Ga. App. 859, 861 (2) (424 SE2d 33) (1992).
But that is their burden of proof as the plaintiffs at trial. That is not their burden as the nonmovants opposing a motion for summary judgment. As to the defendant’s motion for summary judgment,
the burden of proof is always on the movant, even with respect to issues on which the plaintiff would have the burden of proof at trial. . . . On motion for summary judgment, all doubts as to evidence and the benefit of any conflict *262 are to be indulged in favor of the opposing party and construed against the movant. If the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact must be drawn against the movant and in favor of the party opposing the motion.
Barlow v. Orkin Exterminating Co., 196 Ga. App. 822, 823 (397 SE2d 170) (1990) (citation omitted). To survive summary judgment, a nonmovant need not have exhaustively examined deposition witnesses or conducted discovery in any particular way, contrary to the suggestion in footnote 3 of the majority opinion. The nonmovant’s sole obligation is to point to some evidence that creates a genuine issue of material fact.
Generally, in a case involving circumstantial evidence, the question of whether every other reasonable hypothesis can be excluded is not a question for the trial court on summary judgment (or this court on appeal). “[T]he sufficiency of the circumstantial evidence, and its consistency or inconsistency with alternative hypotheses, is a question for the jury.” Southern R. Co. v. Ga. Kraft Co., 258 Ga. 232 (367 SE2d 539) (1988). Summary judgment is not appropriate if the nonmovant can point to evidence creating a fact question about whether reasonable alternative hypotheses arise from circumstantial evidence. Where there is evidence from which a jury could find that food poisoning was the only reasonable cause of a plaintiff’s illness, and evidence that the defendant’s food was the only reasonable source of that food poisoning, even if that evidence “may strain credulity,” then a jury question is presented. Worthy, supra, 252 Ga. App. at 482 (1).
And applying these principles, Big Kev’s is not entitled to summary judgment. Viewed in the light most favorable to the Pattersons, the evidence shows that Joshua Patterson was diagnosed with salmonella a few days after eating food prepared by Big Kev’s and that several others who also ate the Big Kev’s food, including Taylor Patterson, experienced symptoms similar to Joshua Patterson. This is circumstantial evidence that the Big Kev’s food proximately caused Joshua Patterson’s salmonella and Taylor Patterson’s similar illness. It is for a jury to determine whether the other hypotheses advanced by Big Kev’s — such as the hypothesis that Joshua Patterson caught salmonella from a bartender — are reasonable and, if so, are excluded by the above evidence.
The cases cited by the majority do not require a different conclusion. In all of those cases, it was uncertain whether the plaintiff had food poisoning at all, rather than another type of illness or condition. See Mann v. D. L. Lee & Sons, 245 Ga. App. 224 (537 SE2d 683) (2000) *263 (stool culture performed on one of the plaintiffs “revealed no pathogens”); Edwards v. Campbell Taggart Baking Cos., 219 Ga. App. 806 (466 SE2d 911) (1996) (plaintiff had a history of digestive problems, and his physician “opined that [plaintiff’s] illness was caused by his perception of what he ate and not by the quality of the [food]”); Stevenson v. Winn-Dixie Atlanta, 211 Ga. App. 572, 573 (440 SE2d 465) (1993) (plaintiff’s physician “indicated it [was] possible that the cause of illness was a virus,” rather than food poisoning); Castleberry’s Food Co., supra, 205 Ga. App. at 862 (2) (microbiologist testified that the type of food poisoning alleged by plaintiff was inconsistent with the timing of the onset of his symptoms, and although two doctors testified that plaintiff’s illness could be food poisoning, one of those doctors testified that there was an “endless list of possible causes” of his symptoms, including plaintiff’s pre-existing medical condition) (punctuation omitted). And although in Payton v. Lee, 88 Ga. App. 422, 425 (77 SE2d 77) (1953), the plaintiff’s physician testified that her illness was due to food poisoning, there was evidence of a viral illness “of epidemic proportions” in the plaintiff’s city with similar symptomology.
Decided June 30, 2017
Hill, Kertscher & Wharton, Blakely H. Frye, Travis M. Cash-baugh, for appellants.
Swift, Currie, McGhee & Hiers, Pamela N. Lee, Allison Ng, for appellee.
Here, in contrast, there was direct evidence that Joshua Patterson had contracted salmonella. This fact, combined with the evidence that several other people who had consumed the Big Kev’s food presented symptoms consistent with salmonella poisoning, was enough to survive summary judgment.
I am authorized to state that Judge Reese joins in this dissent.