304 Ga. 232
FINAL COPY

S17G1957. PATTERSON et al. v. KEVON, LLC.

BOGGS, Justice.

We granted this petition for certiorari to consider whether summary judgment for the defendant was properly granted in this food poisoning case. In Patterson v. Kevon, LLC, 342 Ga. App. 256 (802 SE2d 442) (2017), a sharply divided Court of Appeals affirmed the trial court's grant of summary judgment to the defendant caterer on the issue of proximate cause.[1] For the reasons stated below, we find that the standard that has developed over the years in the Court of Appeals has conflated cases at both the trial and summary judgment stages, thus creating the mistaken impression that food poisoning cases "are a unique species of negligence cases" imposing a heavier burden upon the plaintiff to show proximate cause than that generally required of nonmovants on summary

---

[1] The defendant moved for summary judgment on all of the plaintiffs' claims on the ground that the plaintiffs were unable to show proximate cause, and the trial court granted summary judgment on that basis. Accordingly, the Court of Appeals limited its decision to that issue alone, and did not "consider whether the Pattersons have brought forward evidence to establish the other elements of their claims against Kevon." 342 Ga. App. at 258.

judgment. Id. at 259. The appropriate legal standard on summary judgment, correctly applied to the facts of this case, shows that the trial court erred in granting summary judgment on the issue of proximate cause. We therefore reverse the decision of the Court of Appeals.[2]

The facts are recited at some length in the Court of Appeals opinion. To summarize, Joshua and Taylor Patterson became ill after eating food at a wedding rehearsal dinner prepared, catered, and served by Big Kev's Barbecue. The Pattersons brought this action for negligence, violation of the Georgia Food Act (OCGA § 26-2-20 et seq.), and products liability, alleging that the food at the dinner was defective, pathogen-contaminated, undercooked, and negligently prepared.

After limited discovery, Big Kev's moved for summary judgment, asserting that the Pattersons "are unable to show that their alleged food poisoning was proximately caused by Defendant." In support of its argument, Big Kev's asserted that the Pattersons also consumed items prepared by others at the rehearsal dinner, such as dessert or alcohol, as well as improperly stored leftovers from the rehearsal dinner and food at the wedding reception the

---

[2] The Court thanks the Georgia Trial Lawyers Association for its brief amicus curiae.

2

following day. In addition, Big Kev's pointed to evidence that the Pattersons ate other meals, including fast food, and drove to Florida before Mr. Patterson began to feel ill, three days after the rehearsal dinner, and that Mrs. Patterson did not begin to feel ill until several days later. Big Kev's asserted that the owners of the event venue, their employees, and other guests who consumed the food did not become ill. Big Kev's owner also testified to his procedures in receiving, cooking, and serving the food.

In response, the Pattersons pointed to the deposition testimony of several witnesses who became ill with similar symptoms after eating Big Kev's food at the rehearsal dinner. Mr. Patterson tested positive for salmonella, and a guest at the rehearsal dinner, who ate Big Kev's meal but did not consume food at the wedding reception, also tested positive for salmonella. Three other guests testified that they became ill at around the same time after eating at the rehearsal dinner. Mr. Patterson testified that four other people who became ill, including Mrs. Patterson, did not eat at the wedding reception. Other guests who became ill testified that they did not consume dessert, drinks, or leftovers. Testimony was presented that as many as 16 to 20 people became ill after the dinner. Counsel for the Pattersons noted this testimony, adding, "but that's, at this point,

hearsay and, you know, we have not been able to track down everybody."[3] The Pattersons asserted that the evidence creates an issue of fact with respect to causation, and that this is sufficient for their claims to survive summary judgment. They argued that the issue of causation, like that of negligence, is ultimately for the jury.

The trial court granted summary judgment, holding that the Pattersons had failed to exclude every other reasonable hypothesis regarding the cause of their illness, relying on a number of food poisoning cases decided by the Georgia Court of Appeals.[4] The Pattersons appealed to the Court of Appeals, which

---

[3] In its brief, Big Kev's asserts that this testimony is inadmissible. We note that, under Georgia's former Evidence Code, erroneously admitted hearsay was of no probative value and could not be considered. See Cowart v. State, 294 Ga. 333, 343 (6) n. 12 (751 SE2d 399) (2013); Milich, Georgia Rules of Evidence § 16:7 at 616 (2017-2018). However, under the new Rules of Evidence, "if a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible." OCGA § 24-8-802. And an objection raised in a party's brief on appeal, as Big Kev's has done here, is not the required contemporaneous objection. See Chapman v. McClelland, 248 Ga. 725, 726 (2) (286 SE2d 290) (1982) ("Objections to affidavits such as these will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions for summary judgment.") While the parties reserved "all objections except as to the form of the question and responsiveness of the answer until later use of the deposition," Big Kev's did not object below in its motion or at the hearing, and in fact, itself relied on hearsay testimony that some of the guests at the rehearsal dinner did *not* become ill.

[4] Mann v. D. L. Lee & Sons, Inc., 245 Ga. App. 224 (537 SE2d 683) (2000); Meyer v. Super Discount Mkts., Inc., 231 Ga. App. 763, 765 (501 SE2d 2) (1998); Edwards v. Campbell Taggart Baking Cos., 219 Ga. App. 806, 807 (466 SE2d 911) (1996); Stevenson

affirmed by a whole court vote of 5-4. The majority there held that, while a plaintiff may prevail in a food poisoning case by establishing that the food was defective or unwholesome, in the absence of direct evidence that the food was contaminated, a plaintiff's circumstantial evidence must exclude every other reasonable hypothesis as to the cause of the plaintiff's illness. The majority noted that this is a "heavy burden," and asserted that

> suits alleging illness from food poisoning that are based entirely on circumstantial evidence are a unique species of negligence cases, and our prior decisions have required plaintiffs in this context to bring forth evidence demonstrating that the only reasonable hypothesis for why they became ill was due to acts or omissions of the defendant, to the exclusion of all other reasonable theories. This special element prevents a plaintiff from recovering solely on the basis of speculation and conjecture and requires plaintiffs to engage in a rigorous examination of all reasonable theories of contamination. This standard also shields defendants from what, in some cases, may amount to fallacious post hoc, ergo propter hoc arguments that advance the plaintiff's theory of contamination. In so doing, this rule reserves to the jury only those cases in which evidence brought forth by the plaintiff establishes a clear and direct link between the defendant's food and the plaintiff's injuries.

(Citations, punctuation and footnote omitted.) 342 Ga. App. at 259-260.

Accordingly, the Court of Appeals affirmed the grant of summary judgment to

---

v. Winn-Dixie Atlanta, Inc., 211 Ga. App. 572, 573 (440 SE2d 465) (1993); Castleberry's Food Co. v. Smith, 205 Ga. App. 859, 861 (424 SE2d 33) (1992); and Cassano v. Pilgreen's, Inc., 117 Ga. App. 260 (160 SE2d 439) (1968).

5

Big Kev's. Two vigorous dissents catalogued the evidence supporting the Pattersons' claims and pointed out that the standard established by the majority was more appropriate for the burden of proof at trial rather than on motion for summary judgment. This Court granted the Pattersons' petition for writ of certiorari.

The law governing the parties' respective burdens on summary judgment is well established. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). In Lau's Corp. v. Haskins, 261 Ga. 491 (405 SE2d 474) (1991), this Court set out the general rule with regard to a defendant's motion for summary judgment. A defendant may prevail

> by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by

pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citation omitted.) Id. at 491. We review a grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmovants and drawing every reasonable inference in their favor. McBee v. Aspire at West Midtown Apts., 302 Ga. 662, 662-663 (1) (807 SE2d 455) (2017). Under the evidence presented here, construed as required by law, this appeal is resolved by the well-established rules governing circumstantial and direct evidence on summary judgment.

"Circumstantial evidence can be described as evidence which does not constitute direct proof with regard to the issue of fact or the hypothesis sought to be proven by the evidence; rather, circumstantial evidence constitutes proof of other facts consistent with the hypothesis claimed." Southern R. Co. v. Ga. Kraft Co., 258 Ga. 232, 232 (367 SE2d 539) (1988). Generally, "[i]n passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." (Citations and

7

punctuation omitted.) Haley v. Regions Bank, 277 Ga. 85, 89 (1) (586 SE2d 633) (2003). But this rule is subject to an important qualification: "In neither criminal nor civil cases is it required that the proved circumstances shall show consistency with the hypothesis claimed and inconsistency with all other reasonable theories to the point of logical demonstration." (Citation and punctuation omitted.) Southern R. Co., supra, 258 Ga. at 233. Circumstantial evidence, therefore, may be sufficient for a plaintiff's claim to survive summary judgment, if other theories are shown to be *less probable*. There is no requirement that other theories be conclusively "excluded" as proposed by Big Kev's and held by the trial court. In those circumstances, "the question as to the sufficiency of the circumstantial evidence, and its consistency or inconsistency with alternative hypotheses, is a question for the jury." Id. at 232. And in the context of a civil jury trial, "all other reasonable theories are excluded when proved circumstances of real and actual probative value cause the jury to find that the preponderance of the evidence is in favor of the hypothesis claimed, as against all other reasonable but less probable theories." (Citation and punctuation omitted.) Id. at 233.

An examination of the evidence presented by the parties here demonstrates

that summary judgment was not appropriate. The arguments raised by Big Kev's here and below in support of its motion for summary judgment are not based upon "direct evidence" as that term is defined.[5] Rather, Big Kev's seeks to use circumstantial evidence of the absence of a causal link between its food and the plaintiffs' illness: that others present at the dinner did not become ill; that the Pattersons and others at the dinner consumed other food and drink not prepared by Big Kev's, improperly stored leftovers, and other meals at later times; and that the Pattersons did not begin to feel ill until three to five days after the dinner. Importantly, the evidence produced by Big Kev's was not uncontradicted. In opposition to the motion for summary judgment, the Pattersons presented evidence which, although circumstantial, contradicted point by point the assertions made in Big Kev's motion for summary judgment: showing that a large number of persons who ate the food prepared by Big Kev's became ill; that some of those who became ill did not consume leftovers or other food at the rehearsal dinner or wedding; and that most fell ill within the same

_____

[5] "[D]irect evidence is that which is consistent with either the proposed conclusion or its opposite, whereas circumstantial evidence is that which is consistent with both the proposed conclusion and its opposite." (Citation, punctuation and emphasis omitted.) Gadson v. State, 303 Ga. 871, 874 (815 SE2d 828) (2018).

9

time frame as the Pattersons.

The decisions relied upon by the trial court and the Court of Appeals majority do not demand a different result. And nothing in the decisions supports the theory advanced by Big Kev's and the Court of Appeals that a "special element" of proof of proximate cause exists in food poisoning cases.[6]

First, we note that a number of the decisions relied upon by the Court of Appeals do not involve summary judgment. See Castleberry's Food Co. v. Smith, 205 Ga. App. 859, 861 (2) (424 SE2d 33) (1992) (jury verdict for plaintiff, reversed); Cassano v. Pilgreen's, Inc., 117 Ga. App. 260 (160 SE2d 439) (1968) (pre-Civil Practice Act grant of nonsuit at close of plaintiff's evidence at trial, affirmed); and Payton v. Lee, 88 Ga. App. 422, 425 (77 SE2d 77) (1953) (jury verdict — not summary judgment as Big Kev's contends — for defendant, affirmed). Obviously, the  standard of review on an appeal from a jury verdict is different than that for summary judgment, and "the fact that a moving party has failed to prevail at the summary judgment stage does not

---

[6] In fact, in Stevenson, supra, 211 Ga. App. at 573, the majority rejected the dissent's contention that the appropriate test in a food poisoning case was a res ipsa loquitur analysis. Id. at 574 (1). Moreover, as noted below, in relying upon Stevenson here, the Court of Appeals did not take into account that Stevenson relied upon Payton v. Lee, 88 Ga. App. 422, 425 (77 SE2d 77) (1953), and Castleberry's, supra, which were both appeals after jury trials.

necessarily mean that the party will not later be able to prevail at trial." BAC Home Loans Servicing v. Wedereit, 297 Ga. 313, 317 n.1 (773 SE2d 711) (2015).

With this in mind, a review of two particular cases relied upon by the Court of Appeals is illustrative that, as in so many summary judgment cases and indeed in the case before us, the outcome is dependent upon the specific facts shown or not shown by the evidence adduced below, not upon the existence of a "special element" of proof particular to a "unique species of negligence cases." Rather, in these cases, it is apparent that the plaintiffs failed to carry the burden of causation once the defendants raised the issue on summary judgment.

In Mann v. D. L. Lee & Sons, Inc., 245 Ga. App. 224 (537 SE2d 683) (2000), a husband and wife testified that they became ill "several hours" after eating a ham. Yet, the husband's lab test revealed no pathogens, no additional medical evidence was given beyond that of the treating physician — which was his "impression" based upon his examination and what the Manns told him — and the ham was not tested and did not appear bad.[7] Faced with this evidence

_____

[7] In contrast, in Meyer, supra, three plaintiffs ate small outside pieces from a ham that, when cut to the center, revealed a foul-smelling "abscess." In addition, two treating physicians diagnosed food poisoning and excluded other causes of plaintiffs' illness. This

11

expressly failing to show causation, the plaintiffs produced no additional facts or opinions to support their contention that their illness was caused by the ham. The Court of Appeals therefore appropriately concluded that the plaintiffs did not carry their burden of excluding other reasonable hypotheses. In contrast, here the Pattersons presented laboratory test results revealing salmonella in Mr. Patterson and another guest at the rehearsal dinner, and evidence that a significant number of those consuming the food became ill.

In Stevenson v. Winn-Dixie Atlanta, 211 Ga. App. 572, 573 (440 SE2d 465) (1993), the plaintiff alleged that she and her children ate "funny" or "tangy" tasting ice cream that was past its sale date, spoiled, or tainted, and in consequence became ill. The defendant, however, refuted point by point the theories proposed by plaintiff as to the cause of the illness, not with expert testimony but with facts such as a date of manufacture well within the customary shelf life, that the ice cream was batch tested and met all state and federal standards, and that the defendant received no other complaints about that batch

---

constituted direct evidence of unwholesomeness and causation, and foreclosed summary judgment. 231 Ga. App. at 765.

of ice cream.[8] Similarly, here the Pattersons refuted point by point the theories proposed by Big Kev's as to the cause of their illness, not with expert testimony but instead with factual evidence.

In most of the cases cited by the Court of Appeals, however, expert testimony with regard to causation was a significant factor in the result on appeal. Such testimony may be given by treating physicians, see, e.g., Meyer v. Super Discount Mkts., Inc., 231 Ga. App. 763, 765 (501 SE2d 2) (1998), Edwards v. Campbell Taggart Baking Cos., 219 Ga. App. 806, 807 (1) (466 SE2d 911) (1996), and Stevenson, supra; consulting physicians, see, e.g. Worthy v. Beautiful Restaurant, 252 Ga. App. 479 (556 SE2d 185) (2001); or another expert witness such as a microbiologist, Castleberry's, supra, 205 Ga. App. at 862 (2), or a food chemist, Edwards, supra. In these decisions, the evidence of causation — or lack thereof — presented by the expert witnesses was relied upon by the Court of Appeals, whether in affirming or reversing the judgment below.

In contrast, in the case before us expert testimony was not only not relied

---

[8] We note that evidence of batch testing was considered by the Court of Appeals even though batch testing, like the temperature check testified to by Big Kev's owner, does not necessarily test the particular portion consumed by the plaintiff.

upon, but was actively avoided. At the hearing on Big Kev's motion for summary judgment, the trial court inquired as to the expected incubation period for food poisoning. Counsel for Big Kev's responded that "we have not gone to the level of getting experts at this point because we wanted to get beyond the summary judgment phase . . . ." Counsel, thus, at least tacitly acknowledged that expert testimony would be necessary to show an inconsistent incubation period of the Pattersons' illness, even though Big Kev's was asserting the delay between exposure and illness as grounds for summary judgment. Similarly, some Court of Appeals decisions have relied upon expert testimony in considering various aspects of causation, for example the expected percentage of individuals falling ill after exposure to a pathogen, Payton, supra, 88 Ga. App. at 425 (jury verdict for defendant affirmed; medical testimony that 60 to 65 percent of those exposed "would be afflicted with food poisoning" while only 2 of 14 persons who consumed food became ill).[9]

_____

[9] While Cowart v. Widener, 287 Ga. 622 (697 SE2d 779) (2010), observes that expert testimony may be necessary in a case which presents medical issues as to causation which are "beyond the ken of the average juror," as opposed to "the sort of medical knowledge that is within common understanding and experience," id. at 622, Big Kev's has not raised, and has indeed expressly disclaimed, the necessity for expert testimony at this stage of the litigation. Here, the Pattersons are not required to refute evidence that was not presented, as the burden remains with Big Kev's to demonstrate that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law.

In cases where no expert opinion was presented as to causation and summary judgment was granted, the plaintiff essentially presented no evidence as to causation but testified simply that he ate something and later became ill. See, e.g., Cassano, supra, 117 Ga. App. at 261 (1) (such testimony "would not, without more, establish the averment that the food was unwholesome" (citation and punctuation omitted)). But such is not the case here. While the evidence presented by the Pattersons was circumstantial, it went well beyond the general allegations of the plaintiffs in those decisions, and the circumstantial evidence presented by Big Kev's failed to rebut it. Under these circumstances, Big Kev's has failed to demonstrate the absence of evidence of proximate cause. The trial court's order granting summary judgment on that issue therefore must be reversed.[10]

Judgment reversed. Hines, C. J., Melton, P. J., Benham, Hunstein, Nahmias, and Blackwell, JJ., and Chief Judge Stephen G. Scarlett, Sr., concur.

---

[10] In reversing, however, we agree with the Court of Appeals that the motion for summary judgment and the trial court's order are limited to the issue of proximate cause. We therefore do not consider and express no opinion as to any other element of the Pattersons' claim against Big Kev's. See Lau's Corp., supra, 261 Ga. at 491 ("If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.").

Peterson, J., not participating.

Decided August 20, 2018.

Certiorari to the Court of Appeals of Georgia — 342 Ga. App. 256.

Hill, Kertscher & Wharton, Blakely H. Frye, Travis M. Cashbaugh, for appellants.

Swift, Currie, McGhee & Hiers, Pamela N. Lee, David A. Smith, for appellee.

J. David Hadden; Allison E. Thornton, amici curiae.