McMillian, Judge, concurring in part and dissenting in part.
Although I concur fully in Divisions 1, 2 (a), and 3, I must respectfully dissent in Division 2 (b). As noted by the majority, Griffin's complaint includes allegations that Turner had committed acts amounting to tortious interference in his landscaping business beyond those involving the three customers specifically identified. At the summary judgment stage, however, "the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." (Citation omitted.) Patterson v. Kevon, LLC , 304 Ga. 232, 235-36, 818 S.E.2d 575 (2018). Here, Turner moved for complete summary judgment and introduced evidence refuting the factual allegations as to each of the specifically named customers of Griffin's landscaping business. In response, Griffin failed to point out specific evidence giving rise to a triable issue as to any other acts that might constitute tortious interference in his landscaping business. Accordingly, I would affirm that portion of the trial court's order granting summary judgment in favor of Turner on Griffin's claim for tortious interference with his landscaping business.