**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**April 16, 2020**

# In the Court of Appeals of Georgia

A20A0731. TORRES v. CITY OF JONESBORO.
A20A0732. TORRES et al. v. CITY OF JONESBORO.

MCFADDEN, Chief Judge.

The issue in this appeal is whether the trial court erred in holding that the appellants failed to prove the amount of attorney fees they incurred in defending a condemnation action.[1] We hold that the appellants' hearsay evidence was legal, admissible evidence of the amount of attorney fees incurred, because the city of

---

[1]Because there were two condemnation petitions, there were two cases below and two sets of briefs on appeal. Appellants begin their brief with a Notice of Related Case, which explains that their briefs will be identical in each action. That was extremely helpful.

We note that our rules offer an alternative approach. Rule 23 (a) provides, "If two or more appeals are consolidated, a brief is still required to be filed in each appeal. Parties may adopt, and are encouraged to adopt, all or a portion of another brief in the same case or from another case pending in this Court. The party adopting language from another brief shall specify precisely what portion of the other brief the party is adopting and list the case number, if different."

Jonesboro did not properly object to it. So the trial court erred in excluding the evidence, and we vacate the trial court's order and remand for further proceedings not inconsistent with this opinion.

1. *Facts and background*.

The relevant facts are largely undisputed. The city of Jonesboro filed two condemnation petitions against a piece of property. The appellants defended the proceedings, and eventually, the city of Jonesboro dismissed the condemnation petitions. The condemnees moved for attorney fees and costs under OCGA § 22-1-12 (2), which provides:

> In all actions where a condemning authority exercises the power of eminent domain, the court having jurisdiction of a proceeding instituted by a condemnor to acquire real property by condemnation shall award the owner of any right or title to or interest in such real property such sum as will in the opinion of the court reimburse such owner for his or her reasonable costs and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if . . . [t]he proceeding is abandoned by the condemning authority.

With their motions, the appellants filed the affidavit of their attorney, to which was attached attorney billing records, court reporter bills, and bills of an appraiser. The

appellants also filed affidavits from other professionals avowing that the attorney fees and appraisal fees were reasonable.

The trial court conducted a hearing at which the appellants presented the testimony of an attorney whom the trial court accepted as an expert in eminent domain representation and the fees associated with eminent domain representation. The expert testified that he had reviewed the attorney's itemized fee statements attached to the motions for attorney fees, and the appellants' attorney questioned him about those bills. The expert testified that the itemized bills reflected $35,881 in attorney fees and that the attorneys' and paralegals' rates were reasonable. The expert testified that the appraiser's invoices showed that her fees were $13,700, which was reasonable. The expert testified that he reviewed the other costs of the case, and that the court reporter fees and mileage costs were reasonable. Finally, he testified that the attorney fees, appraisal fees, and costs totaled $51,206.15, which was reasonable.

The city of Jonesboro's attorney cross-examined the expert, who confirmed that he had reviewed the billing statements. The city's attorney questioned the expert about specific entries on those statements, and the expert confirmed that the amounts charged were reasonable.

After the city concluded its cross-examination of the expert witness, the attorney for the appellants asked questions on re-direct and then stated that he had no additional witnesses. The city then moved to strike the expert's testimony on the ground that it was based on the billing records, which were hearsay. The trial court agreed and denied the motion for attorney fees on the basis that absent the expert's testimony, there was no evidence as to the amount of fees. The appellants then filed this appeal.

2. *Analysis*.

The appellants argue that the city waived its hearsay objection. We agree.

"[U]nder the new Rules of Evidence, 'if a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible.' OCGA § 24-8-802." *Patterson v. Kevon, LLC*, 304 Ga. 232, 234 n.3 (818 SE2d 575) (2018). A contemporaneous objection is required. Id. The contemporaneous objection rule provides that "counsel must take exception to the alleged error *at the earliest possible opportunity* in the progress of the case by a proper objection made a part of the record." *Sharpe v. Dept. of Transp.*, 267 Ga. 267, 267 (1) (476 SE2d 722) (1996) (citation omitted; emphasis supplied).

The city did not object at all to the expert's hearsay testimony, much less "at the earliest possible opportunity." *Sharpe*, supra. Because the city "did not raise a contemporaneous objection, [it] forfeited its right to insist that the testimon[y] should be excluded from the evidence." Id. at 270 (1) (citation and punctuation omitted).

The city's motion to strike the expert testimony after the appellants had rested was not a proper objection to the hearsay. A non-contemporaneous motion to strike is not "a procedural tool to object to evidence, except in those limited instances where the evidence was inadmissible because it was obtained in violation of a criminal defendant's constitutional rights[.]" *Sharpe*, 267 Ga. at 271 (2).

In sum, because the city did not contemporaneously object to the expert's testimony that the condemnees incurred $51,206.15 in fees and costs, the trial court erred in excluding the testimony on the basis that it was hearsay and in concluding that the condemnees presented no evidence of the amount of fees and costs incurred. So we vacate the trial court's judgment and remand these cases for further proceedings not inconsistent with this opinion.

*Judgment vacated and cases remanded. Doyle, P. J., and Hodges, J., concur.*